### *In re* WOLFE'S ESTATE.

*(Supreme Court, General Term, First Department.   May 24, 1889.)*

EXECUTORS AND ADMINISTRATORS—COMMISSIONS.

· A will authorized the executors to pay testator's debts and funeral expenses, and,
after giving certain legacies, devised the residue of testator's estate to the execu-
tors to be held in trust, to receive the rents, and pay a certain annuity to testator's
widow for life or widowhood, with remainder over to others.   The executors were
authorized to sell personalty in their discretion, and to invest the proceeds, or use it
in improving testator's real estate; to hold personalty in the manner in which it
was invested at testator's death; and to rent or lease any part of the estate.   Tes-
tator then named certain persons "executors of this, my last will and testament,
and trustees under the same."   A codicil recited the appointment of these persons
as "executors of my said will, and trustees under the same," and appointed another
person "to be an additional executor of and trustee under my said will."   *Held,*
that the duties of these persons as executors were separate from and preceded those
as trustees, and where the executors, after making certain payments, had transferred
the remainder of the estate to themselves as trustees, in accordance with a surro-
gate's decree, they were entitled to commissions in both capacities.

Appeal from surrogate's court, New York county.

Accounting of Samuel D. Babcock and Joel Burke Wolfe, surviving trus-
tees under the last will and testament of Joel Wolfe, deceased.   The trustees
appeal from that part of the surrogate's decree which adjudged that they, as
such trustees, were not entitled to any commissions on the principal of the
personal estate in addition to the full commissions on the *corpus* thereof
awarded to them as executors under a previous decree made by the surrogate
on their final accounting as surviving executors of said will, and determining
that only one commission on the *corpus* of the estate was allowable to each of
them.   For former report, see 2 N. Y. Supp. 494.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Henry Himmelmann*, for appellants. *Henry W. Clark*, for Alice G. Wolfe.

MACOMBER, J. It is apparent that the surrogate disallowed the claim of these surviving trustees on the ground that the testator did not by his will contemplate a severance of the functions of the executors from those of the trustees, technically so called. The general rule is well established as enunciated in the case of *Johnson* v. *Lawrence*, 95 N. Y. 154, that where the functions or duties of the executor and trustee are not separable, but are blended together, double commissions are not allowable. On the other hand, as is decided in the case of *Laytin* v. *Davidson*, Id. 263, where the duties distinctively of an executor cease and those distinctively of trustees are assumed, double commissions are allowable. This question is to be determined by an inspection of the will itself. By that instrument Joel Wolfe directs his executors to pay his just debts and funeral and testamentary charges and expenses, and authorizes them to expend $5,000 upon his burial lot by way of ornamentation and improvement. By the second, third, and fourth clauses he gives certain legacies to his wife and two of his nieces. By the fifth clause he gives, devises, and bequeaths "all the rest, residue, and remainder" of his estate, real and personal, to his executors, the survivors and survivor of them, their heirs, successors, and assigns, to have and hold the same as joint tenants upon the following uses and trusts: To have and to hold the same, and the rents and issues, etc., to collect and receive the same, and, after paying thereout all proper and necessary commissions, charges, and expenses, to pay to his wife during her life or widowhood an annuity of $8,000 of said rents in equal quarterly payments. The rest and residue of said net rents and income were to be paid to maiden daughters of the testator's deceased brother, in equal shares, during the life of the testator's widow, with a provision that in case of the death or marriage of any of said daughters of the deceased brother her share of said income was to go to her unmarried sisters. By the sixth clause the testator, upon the remarriage or death of his wife, gives, devises, and bequeaths the rest, residue, and remainder of his said real and personal estate to eight of his nieces and a nephew, particularly specified, and provides that in case any of them die before that event, leaving issue, such issue shall take its parent's share, and, in case no issue is left, the surviving brother and sisters of the one so dying shall take his or her share. By the seventh clause the testator authorizes and empowers his executors to sell, whenever they deem it advisable, any and all of his personal estate, and in their discretion to invest the same in bonds and mortgages on improved New York city real estate, or in the purchase of improved real estate, in their names as trustees under the last will and testament, or to use the same or any part thereof in the improvement of any real estate he may die seised of. It also authorizes them in their discretion to hold and retain his personal estate, or any part of it, in the manner and form invested at testator's death. He also authorizes his said executors to rent, lease, or improve any part of his estate, and declares as his intent and purpose that his personal estate shall be converted into real estate if it can be advantageously done. By another clause he authorizes his executors to let his real estate, and to execute leases therefor. Lastly, he appoints Edgar S. Van Winkle and Samuel Dennison Babcock "executors of this, my last will and testament, and trustees under the same." By a codicil he recites the appointment of the last-named gentlemen as "executors of my said will, and trustees under the same," and then appoints his nephew, Joel Burke Wolfe, "to be an additional executor of and trustee under my said will."

An inspection of this will shows that there was a separation of the functions and duties of the executors and those of the trustees, and that the duties as executors clearly preceded the functions to be performed by them as trustees

·before the latter began, and that there was no provision for the co-existence continuously and from the beginning of the two classes of functions and duties. A previous decree of the surrogate directed that the executors, after making certain payments named, assign, transfer, and set over to themselves as trustees all and singular the estate so found to be remaining in their hands, to be had and holden by them as such trustees under the terms of said will, and upon the trusts thereby created. In pursuance of this decree the executors did turn over and transfer to themselves as such trustees all such estate remaining in their hands, having finished their duties as executors, and assuming actively and exclusively the duties of such trustees. Under these circumstances, we think that the trustees were entitled to the commissions claimed, and that consequently the order of the surrogate should be reversed, with costs and disbursements. All concur.