(77 Hun, 111.)

### In re McCREDIE'S ESTATE.

### In re BEARD et al.

(Supreme Court, General Term, Fifth Department. April 12, 1894.)

EXECUTORS AND ADMINISTRATORS—COMMISSIONS.

　　A will, after providing for the payment of debts and funeral expenses and giving certain legacies, gave the residue of the estate to the executors as trustees for certain purposes. *Held*, that the duties of the executors as such were distinct from those as trustees, and they were entitled to commissions in both capacities.

Appeal from surrogate's court, Erie county.

Judicial settlement of the accounts of Philo D. Beard and John M. Provorst, as executors of the will of Caroline M. McCredie, deceased. From so much of the decree settling the executors' ac-

v.28 N.Y.s.no.4—20

counts as adjudges them entitled to commissions as executors, only, and not to commissions, also, as trustees, they appeal. Modified.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

J. M. Provorst, for appellants.

P. C. Reyburn, for respondent.

DWIGHT, P. J. The sole question in this case is whether, under the provisions of the will of Mrs. McCredie, the functions and duties .of the appellants—on the one hand as executors, and on the other hand as trustees—are so far severable and severed as that they are entitled to be allowed compensation in both capacities, or, more specifically, whether, as executors, they are entitled to commissions for "paying out" the trust fund to themselves, as trustees. A careful examination of the will of Mrs. McCredie in the light of the authorities bearing upon the present question .leads us to the conclusion that the question must, in this case, be answered in the affirmative. The will in question contains six provisions, numbered from 1 to 6. The first provides for the payment of debts and funeral expenses; the second provides a pecuniary legacy to the sister of the testatrix; the third, a specific legacy to her adopted son; the fourth, a specific legacy to her daughter. These four provisions create no trust, involve no exercise of discretion, vest no estate in the executors, but simply dispose of a particular sum of money and particular articles of personal property by direct gift to the persons named therein. So much of the will may and should have been completely executed, and the estate so far closed up, immediately on the expiration of the year limited by the statute. The fifth provision of the will introduces a new order of things. It assumes that the previous provisions of the will have been fully executed, and it deals with the residue of the estate alone. It gives all the rest, residue, and remainder of the property of the testatrix, real and personal, in trust, to her executors and testamentary trustees thereafter appointed. It defines the trust thus created, which is to continue during the lifetime of the daughter of the testatrix, who is the sole beneficiary of the trust, and prescribes the final and absolute disposition of the property when the trust shall have been fully discharged. Throughout this provision of the will the persons charged with its execution are denominated "the said trustees." The sixth and last provision of the will nominates the appellants as "executors of, and testamentary trustees under," the will, and gives to them, as such executors and testamentary trustees, power to sell, lease, etc., any of the property, real and personal, and invest the same as they may see fit for the purpose of carrying out its provisions. By a codicil to the will the testatrix provided two additional pecuniary legacies, and also a bequest to the executors and testamentary trustees of her will, of the sum of $2,500, in trust, to be expended in the construction of a monument in memory of her late husband.

It is apparent that the first two provisions of the codicil fall into the classification of the first four provisions of the will, and, like them, are to be executed before the trust in the residue of the estate can take effect. The same is equally true of the provision for a monument, so far as the laying aside and appropriation of the money are concerned. That sum of money, together with the sums named in the several pecuniary bequests, and the articles of personal property specifically bequeathed, must all be withdrawn from the body of the estate before the residue of the estate can go to constitute the trust fund, or can go into the hands of the trustees, as such, under the fifth provision of the will. We have, then, as it seems to us, in this will, a scheme for the care and distribution of an estate which not merely permits, but practically accomplishes, a separation between the functions of the executors and those of the trustees; in which the two functions cannot be said to be blended for any purpose, or to coexist for any period of time; in which, on the contrary, the duties of the executors are to be ended before those of the trustees are begun. The case before us seems, therefore, to respond in favor of the contention of the appellants to all the tests which our courts have applied in several recent cases for the purpose of determining whether the functions of executors and trustees in the same will were to be regarded as separate and distinct, and whether, accordingly, the persons exercising those functions were entitled to compensation in both capacities. The cases referred to are Johnson v. Lawrence, 95 N. Y. 154; Laytin v. Davidson, 29 Hun, 622, 95 N. Y. 263; Phoenix v. Livingston, 101 N. Y. 454, 5 N. E. 70; In re McAlpine, 15 N. Y. St. Rep. 532; Id., 126 N. Y. 285, 27 N. E. 475; In re Crawford, 113 N. Y. 560, 21 N. E. 692. The doctrine of all these cases was the same, though the results reached differed from each other. In the first of the cases cited the two functions were found to coexist throughout the administration of the estate, and to be inseparable, and double commissions were denied. As was said by Finch, J., in writing the opinion:

"It is apparent that, from the very beginning, the duties of the executors were inseparably blended with the trust duties, and were so intended to remain. * * * There was no point of time at which it could be said that one function ended, and the other began. * * * The trust duty sprang into life at the same instant with the executorship, and was inextricably blended with it."

The examination already given to the will in the case at bar has shown, we think, that it presents the reverse of the propositions above stated, and that, on the other hand, it corresponds to the propositions contained in the statement, further on in the same opinion, of the rule "that, to entitle the same persons to commissions as executors and trustees, the will must provide, either by express words or by fair intendment, for the separation of the two functions and duties,—one duty to precede the other, and to be performed before the latter is begun, or substantially so performed." In the Case of McAlpine the same rule was applied, with the same result; it being considered "that the will," in that case, "does

not provide for separate and successive. duties, but that the trust duties and those of the executors have coexisted from the issue of letters testamentary to the present time, and will so coexist down to the final execution of all the powers and duties created and prescribed in the will." In Laytin v. Davidson the application of the same test afforded the contrary result. In the opinion in the court of appeals, Andrews, J., said:

"The will clearly contemplated a period of time when the duties of executors, as such, should end, and they should assume the character, exclusively, of trustees for the widow and children of the testator. The duty to pay debts and the legacies presently payable, and to construct a burial vault, was strictly executorial, and upon the accomplishment of these purposes the property was given 'upon the further trust' to divide the residue, etc. The duty of division into shares, and to receive and apply the income of the several shares to the use of the beneficiaries, respectively, could not be performed until the residue was ascertained by an accounting."

In Phoenix v. Livingston the persons charged with the administration of the estate were, as in this case, denominated "executors of, and testamentary trustees under," the will; and, in the opinion in that case, Finch, J., says of them:

"They were first to act as executors of the will, and then as trustees under it. * * * The accounts of the executors, as such, were settled, and there was nothing left but the trust estates to be managed for the beneficiaries. * * * We think it was a proper case for the allowance of commissions to the same persons,—first, in the character of executors, and then of trustees."

In the Case of Crawford (the last of those cited) the residuary estate was given to the executors, in trust, with authority to sell the real estate, and to divide the whole into specified parts, which were to be kept invested, and the income paid to the beneficiaries named. The provision was in all respects material to this inquiry, the same as in this case; and in that case the court, by Peckham, J., said:

"Lastly, we think that the court at general term was right in awarding double commissions. As executors, it was their duty to pay the debts of the deceased; and then all the residue of the property which was not devised or bequeathed to others was, by the third clause of the testator's will, given to the executors, in trust for the purposes therein mentioned. * * * We think that, after the sale of the land and the payment of debts, the duties of the executors ended by the payment to the trustees (themselves) of the 32 parts into which the estate directed to be paid over to them was to be divided. From that time the duties of the trustees commenced, and they were to invest in their names, as trustees, the five, eight, and nineteen parts, respectively, in accordance with the directions of the will; and at the death of the testator's daughters the trust estate is to be paid by them as trustees, and not as executors. This gives them the right to double commissions."

It seems to us that the case in hand is quite as clearly one in which the duties and functions of executors are distinct and separate from those of trustees, as either of the cases cited, in which the rule of separation was applied, and double commissions allowed. The decree of the surrogate should be modified so as to provide for the discharge of the executors, as such, upon the settlement and allowance of their account, the transfer to themselves, as trustees,

of the entire residue of the estate appearing upon the account as settled, and the allowance to them of the usual commissions for receiving and paying out as executors, and for receiving as trustees. So ordered, and the case remitted to the surrogate's court of Erie county, with directions to enter a decree modified as here indicated. All concur.