J. VAN VECHTEN OLCOTT et al., as Executors of THEODORE F. VAIL, Deceased, Respondents, v. WILLIAM D. BALDWIN, Individually, and as Executor of and Trustee under the Will of NAHUM SULLIVAN, Deceased, et al., Appellants, Impleaded with Others.

1. WILL — EXECUTORS AND TRUSTEES — WHEN DUTIES OF EXECUTORS CEASE AND THEIR DUTIES AS TRUSTEES BEGIN.　Where the intention of a testator to have his residuary estate held as a trust fund from a point of time subsequent to his death appears not only from his separately stating the duties of the executors and of the trustees, but from the fact of his giving and bequeathing to his daughter $5,000 to be paid to her immediately after his death to enable her to meet necessary expenses incurred before the payment to her of the income on the trust fund, and the trust fund could not be determined until the completion of the duties of the executors, the duties of the executors and trustees are distinct and the will contemplates a time when the duties of the executors shall cease and their duties as trustees shall commence.

2. EXECUTORS AND TRUSTEES — COMMISSIONS IN EACH CAPACITY — EVIDENCE OF COMPLETION OF DUTIES AS EXECUTORS.　To entitle persons named in a will as executors and as trustees to double commissions they must have actually entered upon their duties as trustees. While an accounting as executors and a transfer of the trust fund to the trustees pursuant to a decree of a court of competent jurisdiction is the most satisfactory proof of the completion of their duties in one capacity and the commencement of their duties in the other capacity, such judicial decree is not the only means of proving that the transfer has actually been made; it may be established, like any other fact, by any competent evidence thereof.

3. SAME — COMMISSIONS UPON SECURITIES DELIVERED BY EXECUTORS TO THEMSELVES AS TRUSTEES.　Where all the property of an estate, except one note, was converted into money by the executors and the money and note were delivered to themselves as trustees, they are entitled to their commissions for receiving the note the same as if it had been converted into money and the money reinvested.

4. TESTAMENTARY TRUSTEES — WHEN FAILURE TO RETAIN THEIR COMMISSIONS ON INCOME PAID TO BENEFICIARY OPERATES AS A WAIVER THEREOF. Where it was the intention of a testator, in creating a trust fund, to provide an uninterrupted income for his daughter during her life, and the trustees of such fund have voluntarily paid to her the full net income of the fund for a period of eighteen years without deducting and retaining their commissions, such payments operate as a waiver by the trustees of their commissions upon income, and they cannot thereafter, and without the consent of the *cestui que trust,* be allowed the full amount of such commissions and be permitted to reserve to themselves the entire amount of the income of the fund until their commissions have been paid.

5. SAME — PAYMENT TO TRUSTEE ON ACCOUNT OF COMMISSIONS — WHEN SUCH PAYMENT MUST BE APPLIED ON GENERAL COMMISSIONS AND NOT ON INCOME COMMISSIONS. Where a certain payment to one of the two trustees of such residuary fund was made generally on account of commissions without arrangement as to what fund it should be charged against and it appears — in an action brought by the executors of such trustee, who is now dead, for a settlement of the accounts of the two trustees and for a decree discharging the estate of the deceased trustee from further liability — that such payment could not have been made out of the income account because such account had been running for a few years only, and was then largely overdrawn by the *cestui que trust,* and it also appears that no commissions had ever been paid to such trustee, either as executor or trustee, it must be held that the payment was made on account of general commisisons and not upon commissions upon income, and the amount of such payment should be deducted from the general commissions allowed to such deceased executor and trustee.

*Olcott* v. *Baldwin,* 112 App. Div. 921, affirmed.

(Argued October 30, 1907; decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1906, modifying and affirming as modified a judgment of the Special Term in an action for an accounting.

The facts, so far as material, are stated in the opinion.

*William S. Lewis* and *Perry J. Fuller* for Helen R. Baldwin et al., appellants. The said Theodore F. Vail and William D. Baldwin are not entitled to compensation as trustees; that is, to double compensation. (*McAlpine* v. *Potter,* 126 N. Y. 285; *Johnson* v. *Lawrence,* 95 N. Y. 154; *Matter of Clinton,* 12 App. Div. 132; *Matter of Reed,* 45 App. Div. 196; *Matter of Hogarty,* 62 App. Div. 79; *Matter of U. T. Co.,* 70 App.

Div. 5; *Jewett* v. *Schmidt*, 83 App. Div. 276; *Matter of Slocum*, 169 N. Y. 153; *Laytin* v. *Davidson*, 95 N. Y. 263; *Matter of Willets*, 112 N. Y. 289.) If executors or trustees pay over the entire income to the beneficiaries, and make no claim for commissions, their right to such commissions was waived, as the income was the sole fund from which the commissions were payable, and they could not, by paying over to the beneficiaries the amount of the commissions in one year, create a charge or lien therefor on the income of future years. (*Hancox* v. *Meeker*, 95 N. Y. 528; *Spencer* v. *Spencer*, 38 App. Div. 403; *Matter of Johnson*, 57 App. Div. 494; *Matter of Haight*, 51 App. Div. 310; *Matter of Harper*, 27 Misc. Rep. 471; *Matter of Tucker*, 29 Misc. Rep. 728; *Matter of Fisk*, 45 Misc. Rep. 298; *Matter of Holbrook*, 39 Misc. Rep. 139.)

*William H. Brady* for William D. Baldwin, appellant.

*J. Hampden Dougherty* for respondents. The allowance of full commissions to both of the executors, as executors, was proper. (*Matter of Curtiss*, 15 Misc. Rep. 545; 9 App. Div. 285; *Robertson* v. *de Brulatour*, 188 N. Y. 301.) The courts below properly held the plaintiffs' testator entitled to half commissions upon the corpus of the residuary trust estate. (*Hurlburt* v. *Durant*, 88 N. Y. 121; *Laytin* v. *Davidson*, 95 N. Y. 263; *Matter of Willets*, 112 N. Y. 289; *McAlpine* v. *Potter*, 126 N. Y. 285; *Jewett* v. *Schmidt*, 83 App. Div. 276; 184 N. Y. 608; *Matter of Johnson*, 57 App. Div. 494; 170 N. Y. 139; *Drake* v. *Price*, 5 N. Y. 430; *Johnson* v. *Lawrence*, 95 N. Y. 154; *Matter of Babcock*, 52 Hun, 510.) The defendant Baldwin is entitled to half commissions for receiving the trust estate. (*Matter of Fisk*, 45 Misc. Rep. 298, 304; *Linsly* v. *Bogert*, 67 N. Y. S. R. 654; 152 N. Y. 646; *Palmer* v. *Dunham*, 6 N. Y. Supp. 262; *Matter of Todd*, 64 App. Div. 435.) Mr. Vail's estate and the defendant William D. Baldwin are entitled to commissions upon the income of the residuary trust fund received and paid to Mrs. Baldwin.

(*Matter of Hopkins*, 32 Hun, 618; *Oakley* v. *Oakley*, 3 Dem.
140; *Monson* v. *N. Y. S. & T. Co.*, 140 N. Y. 498; *Hancox*
v. *Meeker*, 95 N. Y. 528; *Matter of Mount*, 2 Redf. 405;
*Matter of Prentice*, 25 App. Div. 209; *Matter of Fisk*, 45
Misc. Rep. 298; *Hawley* v. *Singer*, 3 Dem. 589; *Naylor* v.
*Gale*, 25 N. Y. Supp. 934; *Savage* v. *Sherman*, 24 Hun, 307;
*Dakin* v. *Demming*, 6 Paige, 95.)

Chase, J.    Nahum Sullivan died September 26th, 1884, a
resident of the state of New Jersey leaving a will which was
duly admitted to probate in the Orphans' Court of Essex
county, New Jersey, October 20th, 1884, and letters testa-
mentary were issued by said court to Theodore F. Vail and
William D. Baldwin.    By his will he made certain specific
bequests.    He also gave to his only daughter a legacy "of
five thousand dollars in cash to be paid immediately after my
decease to enable her to meet necessary expenses incurred
before the payment to her of the income of my estate as here-
inafter directed."    He also gave to a brother "five hundred
dollars yearly during his life, to be paid to him by my execu-
tors in half yearly payments, the first payment to be made at
the end of six months after this will takes effect."    He also
gave to a sister "three hundred dollars yearly to be paid to
her by my executors in equal half yearly payments, the first
payment to be made at the end of six months after my
decease."    He then provided by his will as follows:

"*Fifth:* All the rest, residue and remainder of my estate
both real and personal, after meeting the foregoing provisions
of this my will I give, devise and bequeath to my executors
hereinafter named in trust however for the uses and purposes
following: All the use, interest and income of my said resid-
uary estate I direct my said trustees to give and pay over to
my said daughter, Helen R. Baldwin, during her life if she sur-
vives me.    In case my said daughter dies leaving issue either
before or after this will takes effect I direct that my said
trustees upon my death or the death of my said daughter as
the case may be, divide my said residuary estate into as many

equal portions as there are children of said Helen R. Baldwin
and immediately give, convey and assign to each of such
children as then be of full age if any, his or her share and
keep the share of such children as may be minors safely
invested for their use paying to each enough in their judg-
ment for proper support and education of such child, and
giving, conveying and assigning to each child absolutely his
or her share on reaching the age of twenty-one years, pro-
vided that in case of the death of any such child or children
of my said daughter leaving issue either before or after the
death of my said daughter the share or shares of such child or
children shall go to his or her or their issue, and provided fur-
ther that in case of the death of any child without issue after the
death of my said daughter the share of such deceased child
shall go to the surviving child or children in equal parts if
there be more than one.   And I further direct that in case of
the death of my said daughter leaving no children, or in case
of the death of all such children without issue before attain-
ing the age of twenty-one years, my said residuary estate shall
in either event be, by my said trustees divided into two equal
parts; the first of said one-half parts shall be paid, conveyed
and assigned to the heirs of my brother, Thomas Sullivan,
deceased, and the other of said one-half parts to my brother,
Jeremiah Sullivan, or to his heirs, if he then be deceased."

An exemplified copy of said will was filed in the surro-
gate's office of the county of New York on December 11,
1884, and on December 29, 1884, upon the application of said
executors, ancillary letters testamentary were duly granted to
them by the Surrogate's Court of the county of New York.

Helen R. Baldwin, the daughter of the deceased, is living.
The sister of the deceased mentioned in his will died before
his death and the legacy to her lapsed.   The brother of the
deceased mentioned in his will died December 22, 1893.
Theodore F. Vail, one of said executors, died July 16, 1903,
a resident of the state of New York, leaving a will which was
duly probated in the county of New York on July 23, 1903,
and letters testamentary were duly issued to the plaintiffs.

Nahum Sullivan did not die seized of any real estate. He was at the time of his death a member of a partnership doing business in the name of Sullivan, Vail & Co., in New York city, and the personal property of which he died possessed consisted principally of his interest in said partnership as a general and also as a special partner. The said Theodore F. Vail was a partner in said firm and he was also a partner in the firm which continued in the name of Sullivan, Vail & Co. after the death of said Nahum Sullivan. No inventory of the estate of Nahum Sullivan was ever filed and no accounting was had prior to the bringing of this action. This action was commenced on the 4th day of February, 1905, for an accounting and for a decree that upon accounting the estate of said Theodore F. Vail, deceased, be relieved and discharged from all further liability to the estate of said Nahum Sullivan, deceased. An accounting has been had herein and a judgment as prayed for in the complaint has been entered, which has been affirmed by the Appellate Division. An appeal has been taken to this court, but the only questions to be considered upon this appeal relate to the amount of commissions to which the estate of said Theodore F. Vail and the defendant William D. Baldwin are entitled. By the judgment herein the estate of Theodore F. Vail, deceased, has been allowed full commissions on the estate of said Nahum Sullivan, deceased, by reason of said Theodore F. Vail having been an executor, and also one-half full commissions for his receiving the rest, residue and remainder of said estate as trustee, together with full commissions on the gross amount of the income on said rest, residue and remainder during the lifetime of said Theodore F. Vail, deceased.

The said William D. Baldwin has been allowed full commissions as executor together with full commissions on the income of said rest, residue and remainder. The said William D. Baldwin contends that he should have been allowed one-half full commissions for receiving as trustee the rest, residue and remainder of said personal estate the same as allowed to the estate of Theodore F. Vail, deceased. Helen R. Baldwin con-

tends that no commissions should have been allowed either to the estate of Theodore F. Vail, deceased, or to William D. Baldwin on the income of said rest, residue and remainder. The residuary legatees of said rest, residue and remainder contend that no commissions should have been allowed to the estate of Theodore F. Vail, deceased, or to William D. Baldwin as trustees, and they also contend that no commissions should have been allowed either to said estate of Theodore F. Vail, deceased, or to William D. Baldwin as executor for paying out that part of the personal estate which remains in the hands of the surviving executor. The trial court has adjudged that after the probate of the will of Nahum Sullivan said executors converted the assets of his estate into money and paid his funeral and testamentary expenses, debts and obligations, and that they paid and satisfied the specific and general legacies contained in his will and fully completed and discharged their duties as such executors. It is further adjudged by the trial court that upon the functions and duties of the said executors being fully discharged and completed the rest, residue and remainder of said estate became a trust fund for the benefit of the testator's daughter and was held by said trustees as such, and that for a number of years prior to the said Vail's decease they acted solely as trustees of the residuary trusts created by said will. At the time of the death of said Theodore F. Vail the residuary estate was substantially all invested in bonds secured by mortgages upon real estate.

The distinctive facts which determine whether the same persons are entitled to compensation as executors and also as trustees in respect to the same estate are stated in 18 Cyc. 1160, as follows:

" Where by the terms of the will the two functions with their corresponding duties co-exist and run from the death of the testator to the final discharge, interwoven, inseparable and blended together so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed. But

executors are entitled to commissions as executors and also as trustees where under the will their duties as executors and trustees are separable and their duties as executors having ended they take the estate as trustees and afterward act solely in that capacity."

The will in this case is not like the wills construed in *Matter of Slocum* (169 N. Y. 153) and in *McAlpine* v. *Potter* (126 N. Y. 285) where in each case all of the testator's property was given to the executors to be held and disposed of by them for all the uses and purposes in the will provided. In this case the first three paragraphs of the will prescribe duties that are clearly executorial and the fourth paragraph in terms gives directions to the executors as such. The fifth paragraph gives the rest, residue and remainder of the estate of the testator to the executors in trust and directs them as trustees to give and pay over the net income and the corpus of such rest, residue and remainder as therein specifically provided and upon certain contingencies the trust fund is to be subdivided and held in separate parts or shares.

The intention of the testator to have the rest, residue and remainder held as a trust fund from a point of time subsequent to his death appears not only from his separately stating the duties of the executors and of the trustees, but from the fact of his giving and bequeathing to his daughter five thousand dollars to be paid to her immediately after his death to enable her to meet necessary expenses incurred before the payment to her of the income on the trust fund. The trust fund could not be determined until the completion of the duties of the executors. We are of the opinion that the duties of the executors and trustees are distinct and that the will contemplates a time when the duties of the executors shall cease and their duties as trustees shall commence. This conclusion is sustained by the following cases: *Hurlburt* v. *Durant* (88 N. Y. 121); *Matter of Mason* (98 N. Y. 527); *Matter of Babcock* (52 Hun, 510); *Matter of Beard* (77 Hun, 111); *Laytin* v. *Davidson* (95 N. Y. 263); *Johnson* v. *Lawrence* (95 N. Y. 154); *Matter of Curtiss* (9 App. Div.

285); *Matter of Willets* (112 N. Y. 289); *McAlpine* v. *Potter* (126 N. Y. 285); *Matter of Johnson* (57 App. Div. 494); *Matter of Union Trust Co.* (70 App. Div. 5); *Jewett* v. *Schmidt* (83 App. Div. 276).

To entitle persons named in a will as executors and as trustees to double commissions they must have actually entered upon their duties as trustees. An accounting as executors and a transfer of the trust fund to the trustees pursuant to a decree of a court of competent jurisdiction is the most satisfactory proof of the completion of their duties in one capacity and the commencement of their duties in the other capacity, but such judicial decree is not the only means of proving that the transfer has actually been made. (*Johnson* v. *Lawrence, supra; Laytin* v. *Davidson, supra; Matter of Reed,* 45 App. Div. 196; *Matter of Johnson,* 57 App. Div. 494; *Matter of Hogarty,* 62 App. Div. 79; *Jewett* v. *Schmidt, supra; Hurlburt* v. *Durant, supra.*)

The findings and judgment of the trial court relating to such transfer should be sustained.

Although it is found that all the property was converted into money by the executors, it is claimed by some of the appellants that one note held by the testator remains uncollected in the hands of the trustees, and that no commissions should be allowed thereon. Where securities are accepted as cash, commissions should be allowed thereon the same as if they had been converted into money and the money reinvested. (*Robertson* v. *de Brulatour,* 188 N. Y. 301.)

Where executors deliver to themselves, as trustees appointed by a will, securities the amount or value of which constitute the principal of a trust fund, they assume a new position with distinct duties and responsibilities, and become entitled to commissions for receiving and paying out the same as principal. (*Robertson* v. *de Brulatour, supra;* Code Civil Pro. sec. 3320.)

The trust estate in this case amounted to more than $100,000, and the judgment should have given William D. Baldwin, as trustee, one-half commissions for receiving such trust fund. From the death of Nahum Sullivan at least until

the death of said Theodore F. Vail, the assets of the estate of Sullivan remained in the possession of Sullivan, Vail & Co., and the cash items of both principal and income were left with said partnership. Helen D. Baldwin received from the trustees, through Sullivan, Vail & Co., the *net income* of the trust fund from time to time during all of that period. It is alleged by the plaintiffs in their complaint that she was " paid the *net income* of the said residuary estate * * * until the date of the death of said Theodore F. Vail."

It is adjudged by the trial court that the trustees " paid the *net income* of said residuary estate to the said Helen R. Baldwin until the date of the death of the said Theodore F. Vail."

It appears from the record, that although the trustees at the beginning of their duties as trustees credited the income account with an item of $1,596.92 that belonged to principal account and that such erroneous entry remained uncorrected during all the time prior to the commencement of this action, Mrs. Baldwin received payments of income in varying amounts, usually made about once a month, and that semi-annual interest was charged against her upon overdrafts. It does not seem to be disputed that her overdrafts were substantially continuous and that from June 30, 1885, to November 30, 1903, a period of more than eighteen years, a statement of the income account was made by the trustees semi-annually, upon which statement interest was computed and charged against Mrs. Baldwin on such overdrafts. To what extent Mrs. Baldwin was a party to such semi-annual statements of the income account does not appear. It cannot be disputed, however, that such semi-annual statements were made by the trustees and that the full income was knowingly and intentionally paid over annually or more frequently as the *net income.*

Some time in 1889 the trustees were talking about an accounting and Baldwin said to Vail, " If there is anything due on your commissions I should think it would be a good plan to take whatever is about right. We can easily see what it is." Thereupon and on June 26th, 1889, $1,000 and on

July 11, 1889, a further sum of $500 was paid to Vail on account of commissions. Baldwin testifies that these payments were made generally on account of commissions and that he does not know what account Mr. Vail intended to have it charged against. That it was not paid out of income is made entirely clear from the fact that the income account at that time was largely overdrawn. It further appears that these amounts could not have been paid from income or intended to have been paid from income by reason of the fact that the trust at that time had only continued about four years and the total commissions on income received at that time did not amount to more than about one-third of the amount taken by Mr. Vail on account of commissions. At the time these commissions were taken no commissions had ever been paid to Mr. Vail either as executor or trustee, and it is reasonably clear from the testimony mentioned that general commissions were then contemplated, and not commissions upon income.

From the time that the duties of the executors ceased, and they took upon themselves the duties of trustees, the income on the trust investments held by them constituted an independent fund, and their commissions thereon were payable only from such fund. The trustees upon paying over such income or fund to the beneficiary were legally entitled to retain their commissions thereon. (*Hancox* v. *Meeker*, 95 N. Y. 528 ; *Matter of Mason*, 98 N. Y. 527.)

Where, through a long series of years, trustees voluntarily pay the income from a trust fund to the beneficiary as the full net income thereon, it is a waiver by such trustees of their commissions.

The court, in *Spencer* v. *Spencer* (38 App. Div. 403), referring to a case where trustees for nine successive years had rendered their accounts to the beneficiary, and paid over the income without claiming commissions, say : " The difficulty in his case is not that he did not take his commissions each year from the income, but that he paid over the whole income to the beneficiary. He was not put to the alternative of either taking his commissions or paying their amount to the

beneficiary; there was a third course open to him — that was to retain the amount of his commissions in the trust. The income was the sole fund from which the trustee's commissions were payable; he could not by paying over to the *cestui que trust* the amount of the commissions in one year create a charge or lien on the income of the beneficiary in future years. The interest of the beneficiary in the rents and profits was, by the express terms of the statute, incapable of anticipation or assignment; and neither the acts of the trustees or of the *cestui que trust* could avoid this provision. We do not mean to say that this rule is to be carried so far as to exclude the possibility of any unintentional error resulting in an overpayment in one year being corrected in the next. But in this case the trustees have for nine successive years rendered their accounts to the beneficiaries without claim for commissions and have paid over the whole net income. By this course they have lost the right to commissions. (*Hancox v. Meeker*, 95 N. Y. 528.)"

We adopt the language quoted as being applicable to this case. The intention of the testator in creating the trust fund was to provide an uninterrupted income for his daughter to enable her to pay her necessary expenses during her life and that there should not be a period of time even between his death and the establishment of the trust fund from the proceeds of which she would receive an income, he gave to her the legacy of $5,000 for the express purpose of paying her necessary expenses during that period of time. The result of the trustees paying to her the full income for eighteen years without deducting their commissions and then reserving to themselves the entire income until the commissions so accumulated were paid, would be to give to the beneficiary years of plenty followed by a period when her income would be entirely withheld. Such an allowance of commissions at this time would interfere with the plain purpose of the will. It does not affect the determination of the question that the kindness and liberality of Vail in paying over the income for many years as desired by the beneficiary, is now followed by a great

lack of generosity on her part. The finding that the trustees did not intend to waive their commissions on the income is in conflict with the other findings of the trial court and wholly contrary to the evidence.

The judgment should be modified by giving to William D. Baldwin one-half full commissions for receiving the trust fund as trustee; and by striking therefrom the provisions granting to the estate of Vail and to William D. Baldwin commissions on the income of the trust fund. It should also be modified by charging the plaintiffs with $1,500 paid to said Vail in his lifetime on account of commissions and deducting the same from the amount allowed to them as commissions on the principal fund and as so modified the judgment should be affirmed, without costs to either party in this court.

CULLEN, Ch. J., GRAY, O'BRIEN, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment accordingly.