(60 Misc. Rep. 292.)

## In re WATERMAN.

(Surrogate's Court, Kings County.   July, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 495*)—COMMISSIONS.

Where the same person is appointed executor and trustee under a will, and there is a devise to him of the subject-matter of the trust, he is entitled to commissions, both as executor and trustee, but not to commissions as executor on moneys received from the sale of real estate devised to the trustees and never reached by him as executor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. § 495.*]

In the matter of the judicial settlement of the account of Arthur H. Waterman, executor.   Decree of distribution.

Bruce R. Duncan, for executor.
Allison Butts, special guardian and attorney for legatees.

KETCHAM, S.   In the will under which the present account is made there is a well-defined trust distinct from the executorial office, both as to the nature of its duties and the period of their assumption and exercise.   Upon the question whether the same person is entitled to commissions both as executor and trustee, all the tests which have been adopted seem capable of being resolved into the simple inquiry whether or not, in addition to the functions which characterize executorship, there is a devise in trust.   The rule with respect to double commissions is stated as follows:

"Where by the terms of the will the two functions with their corresponding duties coexist and run from the death of the testator to the final discharge, interwoven, inseparable, and blended together so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed.   But executors are entitled to commissions as executors and also as trustees where under the will their duties as executors and trustees are separable, and, their duties as executors having ended, they take the estate as trustees and afterward act solely in that capacity." Olcott v. Baldwin, 190 N. Y. 99, 105, 82 N. E. 748, 750.

But these expressions are but another and more complex way of saying that the executor is entitled to double commissions when, apart from his executorial duty, there is a devise to him of the subject-matter of the trust, either express or implied.   Upon such devise he necessarily takes a relation which in time and character supervenes upon his executorial function and is wholly apart therefrom.   It is the gift in trust, resulting in the legal title, which makes the distinction between the offices of the executor and trustee.   The executor should have commissions, as for receipt and disbursement, upon all the cash and personal property which have come into his hands during the course of his administration; but these should not be computed upon moneys received from the sale of real estate.   This real estate was devised directly to the trustees as such, and has never reached the hands of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

executors. Its sale was the act of the trustees, and is not the subject of executors' accounting or executors' commissions.

Let decree of distribution be presented accordingly.

Decreed accordingly.