In re TEXTOR'S ESTATE.

(Surrogate's Court, New York County. March 14, 1916.)

EXECUTORS AND ADMINISTRATORS ⚖➡495(2)—COMMISSIONS—COMMISSIONS AS TRUSTEES.

Where testatrix, after directing payment of her debts, gave a legacy of $2,000, and then directed that the residue of her estate be divided by her executors in three parts, to be held in trust by them for life tenants, the executors' duties, as such and as trustees, were separate and distinct, and they were entitled to commissions as trustees, as well as executors.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⚖➡495(2).]

In the matter of the estate of Anna L. Textor, deceased. From an order of the transfer tax appraiser fixing tax, the executors appeal. Order fixing tax reversed, and appraiser's report remitted for correction.

Curtis, Mallet-Prevost & Colt, of New York City (Carroll H. Brewster, of New York City, of counsel), for executor and trustee and persons interested.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief, and of counsel), for state comptroller.

FOWLER, S. The executors of decedent's estate contend that the transfer tax appraiser erred in refusing to deduct trustees' commissions in addition to executors' commissions from the assets of the estate, and they have taken this appeal from the order entered upon his report.

The testatrix, after directing payment of her debts, gave a legacy of $2,000 to a legatee mentioned in the second paragraph of her will. She then directed that all the rest and residue of her estate be divided by her executors into three parts, and that these be held in trust for the benefit of certain life tenants. It is obvious that the testatrix intended that her executors should take charge of her entire estate, pay the debts and administration expenses, as well as the general legacies, and then divide the residue into three parts, and pay these parts to themselves as trustees. Their duties as executors and trustees being separate and distinct, they are entitled to commissions as trustees as well as executors. Laytin v. Davidson, 95 N. Y. 263; Olcott v. Baldwin, 190 N. Y. 99, 82 N. E. 748.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes