In the Matter of the Estate of Raphael E. Gallaher, Deceased.*

Surrogate's Court, New York County, October 14, 1931.

---

*Affd., 236 App. Div. 666.

*Greene & Hurd [Francis B. Hamlin* and *James L. Dohr* of counsel], for the appellants.

*Putney, Twombly & Putney [Marshall Grout* of counsel], for the accountants.

*Putney, Twombly & Putney,* for the executors.

*William Klein,* special guardian for Mollie E. Gallaher, Marianne Williamson, Alice Williamson and Ida Louise Williamson.

*Erwin Bruce Hallett,* special guardian for Genevieve E. Gallaher.

*Charles L. Griffin,* for Charles E. Gallaher, Hazel Gallaher, Harry P. Gallaher and Mollie I. Gallaher.

FOLEY, S. The executrix of the deceased executor and the surviving executor of decedent's estate have filed their accounts. Objections were filed thereto.

1. Question has arisen as to the amount of commissions to be allowed to the accounting executors, who claim a full commission on the funds accounted for. They claim they are entitled to separate commissions as executors and trustees, as their duties in each capacity are separable and distinct. This claim is resisted by the objectants, who contend that the executors and trustees are entitled to but one commission, as their duties are not separate, but are co-existent.

The testator by the first paragraph of his will directed his executors to pay all his debts and funeral expenses, and to erect a mausoleum for his deceased wife and himself at a cost of not over $10,000 to $12,000.

The second paragraph bequeathed to his sisters, or their survivor,

all his jewelry, clothing, personal effects, household furnishings, china, silverware, linen, pictures and automobiles. By this paragraph the testator also devised to his two sisters, as joint tenants, a house and land owned by the testator in Greenwich, Conn.

The fourth and fifth paragraphs gave thirteen general legacies, ranging from $100 to $10,000.

The sixth paragraph directed the executors to pay out of the residuary estate all inheritance taxes, transfer taxes, legacy taxes and other taxes of similar nature.

The seventh paragraph directed his executors to provide for the perpetual care of two burial plots owned by him. That paragraph provides: " The amount to be set aside for this purpose I leave entirely to the discretion and judgment of my executors."

By the eighth paragraph of his will the testator devised and bequeathed his entire residuary estate to his executors, *in trust*, for the benefit of his sisters, Ida Louise Gallaher and Alice Josephine Williamson, for their respective lives. This paragraph of the will further provided that upon the death of one of the life beneficiaries the entire net income was to be paid to the survivor during her life, and upon the death of the surviving life beneficiary, to pay over the remainder equally to three nephews. Should one of the remaindermen die before the termination of the trust, the testator provided for different distributions of their shares, the nature of which is not important here.

The ninth paragraph of the will gives to his executors, " both as executors and trustees," authority to retain investments made by the testator. In that paragraph of the will the testator also provided: " If my said *executors and trustees* should decide at any time, to sell my stock in the New York Insulated Wire Co., and should they receive an offer for the same, I direct my *executors and trustees* to first give an opportunity to Ferdinand Wilcox, Robert F. Herrick and Wilmot R. Evans to purchase such stock at the same price and on the same terms as the stock can be sold to any other party or parties, * * *.

" I further give to my said *executors and trustees* full power and authority to sell, mortgage and lease any and all real estate belonging to me not specifically devised, * * *, and until such sale be made I authorize my *executors and trustees* to collect and receive the rents, income and profits therefrom.

" I give my *executors and trustees* full power and authority to retain all investments including investments in stock made by me prior to my death and I further give my *executors and trustees* full power and authority to exercise any rights as stockholders which I myself could have exercised, * * *. Upon the sale of any

securities held by me at the time of my death my *executors and trustees* shall invest the proceeds in accordance with the law of the State of New York * * *." (Italics mine.)

The tenth paragraph of the will reads as follows: " I hereby nominate and appoint Edmonds Putney and Bankers Trust Company, both of the City of New York, to be *executors and trustees* of this my Last Will and Testament and I direct that *my said executors and trustees* shall not be required to give bond for the faithful performance of their duties *as such executors and trustees*." (Italics mine.)

This synopsis of the will establishes clearly the intention of the testator to provide for the performance of separate and successive duties by the executors and trustees. The trust under the residuary clause cannot be fully set up, nor their duties as trustees begin until the executors have completed their administration of the estate and the decree on their accounting has set up the true residue to be held in trust. The executors thus receive the fund as trustees and may be discharged by the decree of any liability for the fund as executors. (*Matter of Blun,* 176 App. Div. 189.) From that time they function in a separate capacity as trustees. Their duties as executors and trustees are not co-existent. The separation of the functions of the executors and trustees by express and explicit language in the will is also significant. In the first seven paragraphs the testator accurately used the word " executors " in connection with those provisions of his will which had to do with executorial duties only. Likewise, he correctly employed the words " executors and trustees " in subsequent paragraphs in regard to the trust created by the residuary clause of the will and the authority to be exercised by his representatives in their capacities either as executors or as trustees.

In *Olcott* v. *Baldwin* (190 N. Y. 99) the general rule as to single or double commissions is stated in a quotation from 18 Cyc. 1160, as follows: " ' Where by the terms of the will the two functions with their corresponding duties co-exist and run from the death of the testator to the final discharge, interwoven, inseparable and blended together so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed. But executors are entitled to commissions as executors and also as trustees where under the will their duties as executors and trustees are separable and their duties as executors having ended they take the estate as trustees and afterward act solely in that capacity.' " *Matter of Vanneck* (175 App. Div. 363) very aptly illustrates the application of the rule with

respect to the right to single or double commissions of executors or trustees. In that case two contrasting situations were presented by the terms of the will. In the first, the provisions of the will gave to the executors a fund of $12,000 in trust with directions to pay the income to a specified life tenant. Upon the death of the life tenant the testator directed that the sum to be held in trust was " to revert to and become part of my residuary estate." The second and contrasting situation, on the other hand, gave to the executors the sum of $1,000,000 in trust with directions to pay a specified *cestui* the net income for life and conferred a power of appointment upon him to dispose of the remainder by will. The disposition here of life income and remainder was complete, and the fund, unlike that described in the first situation, was not to revert to the residue. The Appellate Division, First Department, held with respect to the first fund, that the executorial duties continued and single commissions could only be allowed to the executors. The ultimate distribution of the fund of $12,000 was part of the duty placed upon the executors under the will. Its distribution was an executorial function and until it had been made " the duties of the executors will not have been finally and fully completed." The mere addition of trust duties in the management of the fund did not change the character in which the executors held it. " The trust duty became a function of their office as executors." As to the second fund of $1,000,000, however, the Appellate Division held that double commissions were allowable. " The testator has here established a trust fund, in the administration of which no executorial duties are to be performed. The executors could pay this fund over to themselves as trustees and be discharged from any liability therefor as executors." The duties of the executors in their dual capacity — executorial and trust — were separate and successive, and full compensation was awarded to them in each capacity.

*Matter of Jackson* (138 Misc. 167) is not in point. In that case there was a direct gift to two grandsons, with the time of possession alone postponed, and the fact that a trust duty was imposed upon the executor in the interim did not entitle it to double commissions as executor and trustee. (See, also, *Matter of Ziegler*, 218 N. Y. 544.) Necessarily, the question of the allowance of single or double commission depends upon the terms of the particular will involved.

I hold that the executors in their executorial status are entitled to a full commission for receiving and paying out the entire estate, except upon specific legacies. (*Olcott* v. *Baldwin*, 190 N. Y. 99; *Robertson* v. *De Brulatour*, 188 id. 301, 316; *Laytin* v. *Davidson*, 95 id. 263; *Matter of Beard*, 77 Hun, 111; *Matter of Abrahams*, 136 Misc. 538.) This determination is subject to the limitation upon

another ground as to the allowance of commissions to the estate of the deceased executor. His commissions should be computed under the rule laid down in *Matter of Bushe* (227 N. Y. 85).

2. The objection of the special guardian to the payment by the Bankers Trust Company of the sum of $625.09 to the accountant for the deceased co-executor is overruled.

Tax costs and submit decree on notice accordingly.