In the Matter of the Estate of ALFRED BENDHEIM, Deceased.

Surrogate's Court. New York County October 10, 1940.

*Cohen, Cole, Weiss & Wharton,* for the executors.

*Mitchell, Taylor, Capron & Marsh,* for the City Bank Farmers Trust Company, as trustee.

*Charles Hollender,* for objectants.

*Charles B. McLaughlin, Jr.,* special guardian.

FOLEY, S. The issues raised in this contested accounting proceeding are disposed of as follows:

(1) A construction of the will is requested in order to determine whether the trustees are required to amortize the premiums paid on investments so as to preserve the principal fund intact or whether the full income from such securities may be paid to the life beneficiaries without amortization.

The will provides: " I authorize and empower my executors, in the investing and reinvesting of any part of my estate, to pay in their discretion premiums on bonds or other securities which they may purchase, and I absolve my executors of and from any and all liability for any loss that may result to my estate or to any trust fund by reason of the payment of any such premium." The will

subsequently provides that wherever the words "my executors" are used, they shall be deemed to mean "my executors and/or trustees."

The general rule is that, where investments are made by a trustee in bonds purchased at a premium and having a definite number of years to run, a proportionate deduction should be made from the nominal interest in such a sum as will at maturity preserve the principal fund intact and make good the premiums paid. (*Matter of Stevens*, 187 N. Y. 471; *N Y. Life Ins. & T. Co.* v. *Baker*, 165 id. 484; *Furniss* v. *Cruikshank*, 191 App. Div. 450; modfd. and affd., 230 N. Y. 495, 511.) The terms of the will may be such as to take the case without this general rule, and where there is a clear direction in the will that no such deduction shall be made, the beneficiaries are entitled to receive the full income from such securities. (*Matter of Hoyt*, 160 N. Y. 607; *Matter of Stevens, supra*, p. 476.)

The surrogate holds that the testator authorized his trustees, in their discretion, to purchase investments at a premium, and that he clearly intended to dispense with the amortization of such premiums. His intent was to impose the loss of premiums upon the principal of the trusts, and to make available to the life beneficiaries the full return on the investments.

(2) The principal question raised by the objections is whether those persons acting both as executors and trustees will be entitled to double commissions. The surrogate holds that under the terms of the will there was a complete separation of the duties of the executors and trustees with respect to the funds. Strongly indicative of testator's intention to provide for the performance of separate and successive duties by the trustees is his appointment of a banking corporation to serve as the third trustee along with the two individuals who were the only persons named as original executors. Further confirmation of this intent may be found in other language used in the instrument.

The conclusion follows, therefore, that double commissions are payable under the terms of this will. (*Matter of Knoop*, 283 N. Y. 267; *Matter of Schliemann*, 259 id. 497; *Matter of Gallaher*, 144 Misc. 168; affd., 236 App. Div. 666.)

In their argument against the allowance of double commissions, objectants point out that this will was drawn and its execution supervised by the firm of attorneys with which both executors were associated, and that one of them prepared the instrument. They argue that the will could have been drawn in such a manner as not to require trustees at all, and that the attorneys owed a duty to their client to prepare the will in such a way as to carry out the testamentary scheme with administration expenses minimized as

far as possible, especially with respect to their fees. They contend that if double commissions were to be allowed to the executors in such a situation, provision for such commissions ought to be expressly made in the will.

In answer to these arguments, it is sufficient to point out that the will clearly provides for a separation of the functions and duties of the two offices. The intention to provide for a severance of the trust fund and the performance of separate and successive duties is apparent not from the phraseology of the instrument alone, but from the whole framework of the testamentary scheme. To infer that the provision for the appointment of the bank to serve as an additional trustee was not the choice of the testator but represented a desire on the part of the draftsmen to obtain extra commissions is to charge them with more than a passive breach of duty. No such wrongdoing is charged. Moreover, the decree in the probate proceeding would preclude the raising of such an issue of fraud here.

(3) The reasonable compensation of the firm of attorneys with which both executors are associated, for legal services rendered to the executors, is fixed and allowed in the amount requested by them. Their disbursements are likewise allowed.

The objections are, accordingly, overruled. Submit decree on notice construing the will and settling the account accordingly.