By the deed it appeared that it embraced the locus in quo in question. The undisputed proof also showed that the defendant had occupied the lands exclusive of the house and garden, so that the only question in controversy was the possession of the garden, where it was claimed that the alleged trespasses were committed. I think that the court below should have confined the parties to this question of possession under the pleadings, tried that question only, and allowed all legal testimony in relation thereto, and that the introduction of the deed and agreement was harmful to the plaintiff, and reversible error.

The judgment must be reversed, with costs.

(62 Misc. Rep. 592.)

### In re O'REGAN'S WILL.

(Surrogate's Court, Kings County. March, 1909.)

WILLS (§ 675*)—CONSTRUCTION—PRECATORY REQUEST.

    Testator gave the residue of his estate to his executors for their benefit, with a request that a portion thereof be used for masses for the repose of his soul and the balance given to some deserving charity. *Held*, that the prayer that the residue be devoted to the uses mentioned rests only on the conscience of the legatees.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1587–1589; Dec. Dig. § 675.*]

In the matter of the last will of Patrick B. O'Regan. Proceedings for the construction of the will. Decree rendered.

Anthony F. Tuozzo, for proponent.
Michael A. O'Neill, special guardian.

KETCHAM, S. In probate proceedings, construction is asked for the following clause of the will:

"XI. I give, devise and bequeath all the rest, residue and remainder of my estate of every nature and kind soever and wherever situated, unto my said executors for their use and benefit, with a request to them that a portion of said residue be used for masses for the repose of my soul, and the balance given to some deserving charity."

The will appoints two nephews as executors. This gift was to the persons who were named as executors, and has the same effect as if it were made to them nominatim. It was not for them in their capacity as executors. Indeed, as such, strictly, they have no capacity to administer it, and no flavor of a trust outside of their executorship is found. That the gift was to them personally appears in its limitation "to their use and benefit." The prayer that the residue shall be devoted to certain uses rests only upon the conscience of the legatees, and does not impair the personal quality of their ownership.

This interpretation, so far as it can affect the personal property, should be expressed in the decree of probate.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes