(68 Misc. Rep. 264.)

### In re SHIELDS' ESTATE.

(Surrogate's Court, Kings County. June, 1910.)

1. WILLS (§ 782*)—CONSTRUCTION—DEVISE IN LIEU OF DOWER—ELECTION.

A devise of realty to executors, in trust to receive and apply income to the use of persons other than testator's widow, and an incidental power of sale, are not inconsistent with the widow's claim of dower, and hence do not call for an election by the widow, nor does a gift to her of all testator's personalty raise an inference of intent that it should be in lieu of dower, so as to require such election.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

2. TAXATION (§ 895*)—TRANSFER TAX—DEDUCTION OF DOWER.

Under such circumstances, the value of the widow's dower should be deducted in appraising the realty for purposes of the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

3. TAXATION (§ 895*)—TRANSFER TAX—DEDUCTION OF COMMISSIONS.

In appraising realty for purposes of the transfer tax, if broker's commissions involved in a sale of realty under power of sale given to executors as trustees were reasonably required, they should be deducted as well as commissions of the executors as trustees under the will.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

In the matter of the appraisal under the transfer tax acts of the property of George Shields From an order of the appraiser imposing the transfer tax, the executors appeal. Matter referred to the appraiser for readjustment.

William H. Stryker, for appellants.

William W. Wingate, for respondent State Comptroller.

KETCHAM, S. The executors appeal from the order by which the transfer tax was imposed, and assign as error that the tax upon the transfer of the decedent's real estate was measured by the value of the lands, without deduction of the widow's dower, and that no deduction was made for the commissions of a broker upon the sale of real estate or for the commissions of trustees.

The will gave to the widow all the decedent's personal estate "to use and enjoy the same and all income therefrom during her natural life." It devised all the real estate to the executors under a perfect trust to dispose of the income and ultimately the principal for the benefit of persons other than the widow. It contained a direction to the trustees to sell or rent the real estate; and this was supplemented by a power in the executors to sell or mortgage any part of the real estate for the purpose of paying off mortgages, liens, charges or incumbrances and "to make, execute and deliver good and sufficient deeds, bonds and mortgages * * * for all said purposes." The will contained no direction that the provision therein in favor of the widow should be in lieu of dower.

***

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Comptroller claims that the widow was put to election between her dower and the provision in her favor in the will. There is no indication in the will that the testator did not intend that his wife should have both her dower and her life estate in the personalty. The case is controlled by Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494.

It is argued for the Comptroller that the trust in the lands so clearly contemplated complete control by the trustees of the entire title to the exclusion of the dower that the widow was thereby required to elect. If an election be necessary, it is not "because the vesting of the title in trustees was per se inconsistent with a claim for dower, but for the reason that the will made a disposition of the income, and contained other provisions which would be in part defeated if dower was insisted upon." Konvalinka v. Schlegel, supra.

The language of the court in the case cited, used with regard to a power in trust to sell lands and distribute their proceeds, is equally applicable to a power of sale which is incidental to a trust to receive and apply the income. This language is:

"The mere creation of a trust for the sale of real property and its distribution is not inconsistent with the existence of a dower interest in the same property. There is no legal difficulty in the trustee executing the power of sale, but the sale will necessarily be subject to the widow's right of dower, as it would be subject to any outstanding interest in a third person, paramount to that of the trustee." Konvalinka v. Schlegel, supra, pages 130, 131 of 104 N. Y., page 869 of 9 N. E., 58 Am. Rep. 494.

In the cases in which the duty of election has been imposed upon the widow, there was plain expression in the will of an intention that the trust should embrace the entire title and that the testamentary gift to the widow should take the place of the provision to which she was by law entitled.

In Vernon v. Vernon, 53 N. Y. 351, the following features of the will were marshaled by the court as indicia of such purpose: There was a devise to the wife in fee of a portion of the lands of which she was dowable. The remaining lands were charged with an annuity to the wife, for life, to pay which required more than the income from the property, and the executors were given a power of sale of certain real estate held by the decedent with his partner at a price fixed in the will or to take conveyance from the partner at the same price in the adjustment of the decedent's interest in his firm.

In Savage v. Burnham, 17 N. Y. 561, the whole estate, in which real estate was included, was devised, in trust, among other things, to pay to the wife, for life, one-third of the clear rents and profits; and the court said that the claim of dower in the same lands could not stand consistently with the trust provisions.

Tobias v. Ketchum, 32 N. Y. 319, as explained and restricted in the Konvalinka Case, supra, held merely that the widow was put to her election only because certain provisions of the will would have been in part defeated if dower was insisted upon.

It is thus clear that only a manifest purpose in the will which would fail if dower were demanded will lead to a construction which requires an election. In the will at bar, the devise is of "all of my real estate."

This expression is many times repeated. There is nothing in the words quoted, or in their context, to indicate that the testator contemplated anything more than his lands as they would stand at his death, subject to the estate of dower.

It is argued in behalf of the Comptroller that the direction to sell lands for the purpose of paying off mortgages and other liens and to make good and sufficient deeds for the said purpose indicates a scheme which could not be fulfilled unless the deeds were sufficient to convey the entire title. The answer to this is that, if the trust concerned only the quality of the estate of which he died seised, the good and sufficient deeds which were directed to be given were such deeds as were sufficient to convey that of which he died the owner. If these views are correct, the value of the wife's dower, since it is not taxable, should be deducted from the gross value of the lands.

As to broker's commissions on sale of real estate, if it shall appear upon the rehearing before the appraiser that the expenditure for broker's commissions is reasonably to be required, the amount thereof should be deducted. The sole question is whether or not it can be found as a fact that the executors are about to incur a necessary expense on the sales which they may be required to make under the will.

The executors contend upon this appeal, though their claim in this respect was not apparent before the appraiser, that in ascertaining the subject of taxation commissions to the trustees as such should be deducted. The amount of these commissions should be ascertained, and it should undoubtedly be subtracted from the subject of taxation.

The matter is referred to the appraiser for readjustment.

Matter referred to appraiser for readjustment.