In the Matter of the Transfer Tax upon the Estate of JOHN TORRANCE VANNECK, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; UNION TRUST COMPANY, as Executor, etc., Respondent.

First Department, December 1, 1916.

Tax — transfer tax — when executors also entitled to commissions as trustees — will construed — commissions for paying over future estates as trustees.

A bequest of personal property to executors in trust, to apply the income thereof to the use of a specified beneficiary for life and upon her death the property to revert to the testator's residuary estate, merely adds to the duties of the executors a trust duty during the life of the *cestui que trust*, and does not change the character in which they hold the funds. Hence, the executors are not entitled to receive trustees' commissions in addition to their commissions as executors, and, therefore, in assessing a transfer tax trustees' commissions on the fund should not be deducted.

But where another clause of the same will bequeaths a sum of money to the executors in trust to apply the net income to the use of the son of the testator during his natural life, and upon his death to transfer the same to such persons as the son may, by his last will and testament appoint, or in the case of no appointment, then to certain contingent remaindermen, a trust is established which involves no executorial duties, for the executors may pay the fund over to themselves as trustees and be discharged from liability as executors, and thereby they will become entitled to commissions both for receiving and paying out the sum as executors and for receiving the same as trustees, although they will not be entitled to their commission for paying out the money until

the termination of the life estate. Hence, where it has been determined that the taxation of the remainders is suspended by reason of the life beneficiary's power of appointment (as to the propriety of which decision the court makes no determination) it will be proper to deduct trustees' commissions for paying over the funds in assessing a tax upon the future estates, but such commissions are not a proper charge in diminution of the life estate.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 13th day of May, 1916, reversing a prior order fixing the transfer tax in this estate.

*Schuyler C. Carlton*, for the appellant.

*Charles M. Bleecker*, for the respondent.

PAGE, J.:

The order from which the appeal is taken reverses a former order that approved the report of the appraiser and remits the matter to the appraiser with the direction to deduct from the value of the property of the decedent, as found in his report, estimated trustees' commissions on the two trust funds amounting to $12,000 and $1,000,000 respectively. The Comptroller has appealed from this order, claiming that trustees' commissions should not be allowed on either of these funds.

The decedent left a net estate of $1,645,301.06 consisting of cash and securities. The 4th clause of his will provides: " I give and bequeath to my executors hereinafter named or such of them as shall qualify and their successors the sum of Twelve thousand dollars, upon trust, nevertheless, to invest, reinvest and keep the same invested and to receive and collect the income thereof and to apply the net income realized therefrom to the use of Minnie Callahan, of Montreal, Canada, during the term of her natural life, * * * and upon the death of the said Minnie Callahan the sum so directed to be held in trust for her life use is to revert to and become part of my residuary estate."

A subsequent clause of the will disposes of the residuary estate. It is evident that until the death of Minnie Callahan

this fund cannot be paid out or distributed except by the executors as such in discharge of their duties under the will. The distribution is an executorial function, and until this has been made the duties of the executors will not have been finally and fully completed. To the duties of executor there is added during the term of the life of Minnie Callahan a trust duty. This does not, however, change the character in which they hold the fund. The trust duty became a function of their office as executors. The executors are not entitled, therefore, to receive upon this fund trustees' commissions in addition to their commission as executors. (*Leask* v. *Beach*, 173 App. Div. 873; *Matter of Ziegler*, 168 id. 735; affd., 218 N. Y. 544.)

The 5th clause of the will provides: "I give and bequeath to my executors hereinafter named or such of them as shall qualify and act and their successors, the sum of One million dollars, upon trust nevertheless, to invest and reinvest and keep invested the same and to receive and collect the income thereof and to apply the net income realized therefrom to the use of my son, John Vanneck, during the term of his natural life, and upon his death the sum so directed to be held in trust for his life use is to be paid over or transferred by my trustee or trustees absolutely and in fee to such person or persons and in such proportions as my said son shall by his last will and testament direct or appoint, and if or to the extent that such testamentary appointment shall not be made the said sum is upon his death to be paid over or transferred absolutely to the then living lawful issue of my said son *per stirpes*. Should my said son not exercise such power of testamentary appointment and should he leave no lawful issue him surviving, I direct that the net income realized from said trust fund shall be applied after my son's death to the use of my mother-in-law, Marion Prentice Brookman, during the term of her natural life should she survive my said son, and upon the death of the said Marion Prentice Brookman, if she survive my said son or if she do not survive my said son upon his death (provided he die without exercising said power of appointment and without leaving lawful issue), I give, devise and bequeath the principal or capital of said trust to my sister-in-law, Marion Brookman

Carhart, or if she be not living at the time of the termination of the said trusts, to her issue *per stirpes.*"

The testator has here established a trust fund, in the administration of which no executorial duties are to be performed. The executors can pay this fund over to themselves as trustees and be discharged from any liability therefor as executors. They will, therefore, be entitled to receive commissions for receiving and paying out this sum as executors and for receiving the same as trustees. The trustees will not be entitled to their commission for paying out this money until the termination of the life estate. It has been determined in this matter that the remainder is suspended from taxation by reason of the general power of appointment given by the testator to John Vanneck, and the tax will be imposed upon the share of the appointee, or in default of appointment upon the share of the remaindermen designated in the will. In ascertaining the value of the estate then to be taxed, it will be entirely proper to deduct the trustees' commissions for paying over the fund. This commission is not a proper charge in diminution of the value of the life estate. We are dealing with this matter upon the facts of the case as they come to us. We are not passing upon the propriety of the suspension of the tax, nor stating a rule to be applied where the tax is not suspended.

The order appealed from is, therefore, reversed, with costs to the Comptroller, and the matter remitted to the Surrogate's Court for appropriate action.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with costs to the Comptroller, and matter remitted to Surrogate's Court.