Matter of the Estate of EVELINA A. MESEROLE, Deceased.

(Surrogate's Court, New York County, December, 1916.)

Transfer tax — trust deed — where separate interests should be separately assessed in fixing transfer tax — corpus of estate — Laws 1915, chap. 664.

> The delivery of a deed of trust containing no power of revocation to the grantor completes the transfer of the *corpus* of the trust fund and its liability to a transfer tax is to be determined by the law in force at such delivery.
>
> Where the decedent by her trust deed which contained no power of revocation provided for the payment to her of the income for life it is proper in a transfer tax proceeding, as against the remaindermen, to ascertain the value of the *corpus* of the estate as of the date of the death of the decedent.
>
> Where the trust deed was executed prior to the enactment of chapter 664 of the Laws of 1915, relating to transfer taxes and the rates thereof, there should not be added to the estates in remainder the amount of legacies passing to the remaindermen under the last will of decedent but the separate interests should be separately assessed in fixing a transfer tax.

APPEAL from an order assessing the transfer tax.

Geller, Rolston & Horan, for trustee.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S. The trustee under a deed of trust executed by the decedent appeals from the order assessing a tax upon her estate. On April 2, 1914, the decedent executed a deed of trust by which she transferred to the Farmers Loan and Trust Company, as trustee, certain securities, and the trustee agreed to pay the

income from the *corpus* of the trust fund to her during her life and on her death to dispose of the fund in accordance with the terms and provisions of the deed. The value of the securities constituting the trust fund at the date of the execution of the deed was $284,-810.17. The appraiser ascertained the value of the fund at the date of decedent's death to be $315,090 and reported that this was the value of the fund for the purpose of taxation under the Transfer Tax Law. The trustee contends that the value of the trust fund should be ascertained as of the date of the execution of the deed and the value of the decedent's life estate deducted therefrom in order to ascertain the taxable value of the fund at the date of decedent's death.

No power of revocation was reserved to the grantor, nor did she retain any right to control or use the property mentioned in the deed. The transfer of the *corpus* of the trust fund, therefore, was complete upon the delivery of the deed, and its liability to taxation under the provisions of the Transfer Tax Law is to be determined by the law in force at that time. *Matter of Webber,* 151 App. Div. 539; *Matter of Dwight,* N. Y. L. J., Oct. 8, 1911, affd., 149 App. Div. 912. If a proceeding had been brought at that time to assess a tax upon the value of the remainder transferred by the deed of trust such value would doubtless be ascertained by deducting the value of decedent's life estate from the value of the corpus of the trust fund. The transfer having been effected when the deed of trust was executed, the tax upon the remainder was due and payable to the state of New York at that time, but as no proceeding was brought to assess a tax upon the remainder passing by virtue of the deed of trust until the death of the donor, and the proceeding then commenced purported to assess a tax upon her entire estate, the appraiser was correct in ascertaining the

value of the *corpus* of the trust fund as of the date of decedent's death and reporting this as taxable against the remaindermen. This is probably the more equitable method of assessing a tax upon a remainder passing by virtue of a deed of trust as the tax is then assessed upon the actual value of the property which vests in possession of the remaindermen. The other method, viz., that of ascertaining the value of the remainder at the date of the execution and delivery of the deed and assessing a tax on it at that time is technically in accordance with the provisions of the statute, but should be confined exclusively to cases where the deed of trust is clearly irrevocable. In so far as the tax is concerned there is practically no difference between the two methods. In the matter under consideration the tax on the value of the remainder ascertained as of the date of the execution of the deed, plus interest at the rate of 10 per cent. per annum, would be substantially the same as the tax computed on the value of the property constituting the *corpus* of the trust fund at the date of decedent's death. The appeal on this point will therefore be dismissed.

The trustee also contends that in the order assessing tax upon the estate of the decedent the value of the property passing to the various remaindermen by virtue of the deed of trust should not be added to the value of the property passing to them under the provisions of the will of decedent for the purpose of determining the rate of taxation to which the transfer of the interests is liable. Prior to the enactment of chapter 664 of the Laws of 1915 it was held that the value of gifts or legacies transferred by different instruments or at different times should not be added together, but should be taxed separately. *Matter of Hodges,* 215 N. Y. 447. The property mentioned in

Surrogate's Court, New York County, December, 1916.   [Vol. 98.

the deed of trust executed by the decedent herein having been transferred prior to the date when the amendment effected by chapter 664 of the Laws of 1915 went into effect, it is not subject to the provisions of that act and should be taxed separately from the legacies transferred by the will of the decedent.   On this point the order fixing tax will be modified so as to provide for separate assessments of the interests of the transferees under the deed of trust.

Order modified.