Matter of Estate of FRANCISCO GARCIA, Deceased.

(Surrogate's Court, New York County, October, 1917.)

Trusts — deeds of — wills — who entitled to corpus of trust fund — transfer tax.

> Decedent executed a deed of trust by which he transferred a certain sum to the trustees to pay the income to him during his life, and if his wife survived him to pay the principal to her within thirty days after his death, but if she died before payment was actually made then to pay the principal to such persons as she designated in her will, and if she died intestate to pay the principal to his executors as part of his residuary estate; if his wife died during his lifetime then to pay the principal to him.
>
> *Held,* that so far as any act of the donor was concerned the deed of trust was irrevocable and his wife having survived him more than thirty days became absolutely entitled to the *corpus* of the trust fund as of the date of the execution of the trust deed, her right of possession being deferred until his death.
>
> That the value of the *corpus* of the trust fund for the purpose of a transfer tax should be taken as of the date of decedent's death and that the property transferred by said deed of trust should not be added to the value of the property transferred to decedent's wife under his will.

APPEAL from an order fixing the transfer tax.

Surrogate's Court, New York County, October, 1917.    [Vol. 101.

Goldsmith, Cohen & Weiss (Robert E. Samuels, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S.   The principal questions presented by the appeal of the executors are: *First*. Is the *corpus* of a trust fund created by a deed of trust executed by the decedent taxable in this proceeding? *Second*. If the fund is taxable, should its value be ascertained as of the date of the deed of trust or of the date of decedent's death? *Third*. For the purpose of determining the rate of taxation, should the value of the trust fund be added to the value of the legacy given to the donee by the will of the decedent? *Fourth*. Should trustees' commissions be deducted from the value of the *corpus* of the trust fund?

The transfer tax appraiser found the value of the trust fund as of the date of decedent's death and added it to the value of the legacy given to the widow in the will of the decedent, and from the order entered on his report the executors have appealed.

On the 4th of January, 1912, Francisco Garcia executed a deed of trust by which he transferred to the trustees therein named the sum of $100,000 to pay the income to him during his life, and if his wife survived him to pay the principal to her within thirty days after his death, but if she died before payment was actually made then to pay the principal to such persons as she designated in her will, and, if she died intestate, to pay the principal to his executors as part of his residuary estate; if his wife died during his lifetime, then to pay the principal to him.

It seems to be established by the decisions of the courts of this state that if a donor reserves to himself

the power to revoke the deed of trust, the transfer of the property constituting the *corpus* of the trust fund does not take place until his death, and its value for the purposes of the transfer tax is ascertained as of that date. *Matter of Dwight*, N. Y. L. J. Oct. 8, 1911; affd., 149 App. Div. 912; *Matter of Webber*, 151 id. 539; *Matter of Dana Co.*, 215 N. Y. 461. In the matter under consideration, however, the donor did not reserve to himself any power of revocation. It is true that in the event of his wife predeceasing him he had the right to regain possession of the *corpus* of the trust fund and thus effectually revoke the deed of trust, but this right was not dependent upon the exercise of his will or discretion. As far as any act of the donor was concerned the deed was irrevocable, and the right of the widow to the *corpus* of the trust fund became fixed on the date when the deed was executed, subject, however, to be divested by her death before the donor or within thirty days thereafter. She survived him more than thirty days, and therefore became absolutely entitled to the *corpus* of the trust fund. As to the widow, therefore, the transfer was effected at the date of the execution of the trust deed, but the right of possession was deferred until the death of the donor. While technically it is the value of the property at the date of transfer which is subject to a transfer tax, and the value of a remainder transferred by a deed of trust should be ascertained by the state superintendent of insurance in accordance with the provisions of section 230 of the Tax Law, in practice it will be found more equitable to impose a tax upon the value of the *corpus* of the trust fund as of the date of the donor's death. As I had occasion to point out in *Matter of Meserole*, 98 Misc. Rep. 105, if the donee of a trust fund insists upon its value being ascertained as of the date of the trust deed, then the state

Surrogate's Court, New York County, October, 1917. [Vol. 101.

has the right to insist upon payment of the tax within eighteen months after that date, and to a penalty of ten per cent if such payment is not made. Therefore the value of the property at the date when the donee becomes entitled to its possession is a fair basis of valuation for both the donee and the state. I will therefore hold that the appraiser was correct in appraising the trust fund at its value on the date of decedent's death.

The third point raised by the executors, namely, whether the value of the *corpus* of the trust fund which was transferred to the widow of decedent by the deed of trust should be added to the value of the legacy given to her in the will of the decedent, is based upon facts similar to those presented as one of the grounds of appeal in *Matter of Meserole, supra*, and for the reasons stated in my opinion in that matter I will hold that the property transferred by the deed of trust should not be added to the value of the property transferred to her under the will of the decedent, but should be taxed under the provisions of the Tax Law in force at the date of the execution of the deed of trust. The appeal on this point is sustained.

The trustees are entitled to commissions upon the *corpus* of the trust fund, and such commissions should be deducted from the value of the fund in ascertaining its value for the purpose of taxation. The appraiser therefore erred in failing to deduct trustees' commissions from the value of the trust fund.

The order fixing tax will be reversed and the appraiser's report remitted to him for correction as indicated.

Order reversed.