In the Matter of the Estate of JOHN W. T. NICHOLS, Deceased

Surrogate's Court, New York County, January, 1923.

Transfer tax — interest in partnership — when good will not to be included in taxable assets — deduction for taxes upon real estate in Massachusetts — double commissions to executors acting as trustees.

At the time of decedent's death the only business of a copartnership of which he was then a member was the exclusive selling agency for the product of five mills manufacturing cotton goods under an agreement which could be terminated at any time.  While the firm received a stated commission on sales it had no share in the profits as such.  *Held*, that the element of good will did not exist and an appraised value of decedent's share therein was improperly included among the assets of his estate subject to a transfer tax.

Duties of executors and trustees are distinct and separate, and where the residuary estate was left in trust, commissions thereon will be allowed to the trustees.

While in a transfer tax proceeding the amount of taxes on decedent's real estate in Massachusetts should have been allowed, no deduction can be allowed for the amount of the federal inheritance tax upon the estate.

APPEAL from an order fixing the transfer tax.

*Curtis, Mallet-Prevost & Colt* (*Lewis Cass Ledyard, Jr.*, and *Henry A. Stickney*, of counsel), for appellants.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for State Tax Commission.

FOLEY, S.  The executors and trustees and the widow of decedent appeal from the order fixing the transfer tax on the following grounds:

(1) That a sum representing the appraised value of decedent's share in the good will of a copartnership of which he was a member was included among the taxable assets.

(2) That no allowance was made for trustees' commissions.

(3) That taxes on real estate owned by the decedent in the state of Massachusetts were not allowed as a deduction.

(4) That the deduction for the amount of the federal inheritance tax on decedent's estate was not allowed.

The decedent died April 25, 1920, a resident of this state. He was a member of the copartnership of Minot, Hooper & Co. The firm's only business was the exclusive selling agency for the product of five concerns manufacturing cotton goods. The brands were widely advertised and well known. The decedent's firm received a stated commission on the sales of the merchandise. It received no share in the profits, as such, of the manufacturers. The agreement between the firm and the mills provided for no definite term for its continuance and it could be terminated on reasonable notice.

I do not think the element of good will exists in this case. The profits of the copartnership were large. This, however, was not attributable to the favorable attitude of the public toward decedent's firm, but rather to the salability of the product of the manufacturers, who selected the copartnership for the distribution of their product. The appeal on this ground is sustained.

By decedent's will he directed his executors to pay the funeral expenses, debts and inheritance taxes; he then made a specific devise of his country residence to his wife, and also gave to her certain personal property. He then made two general bequests. The residuary estate is left in trust. The duties of the executors and trustees were distinct and separate, and trustees' commissions should have been allowed on the value of the residuary estate. The appeal on this ground is sustained. *Matter of Vanneck*, 175 App. Div. 363, 366.

Proof was submitted to the appraiser that under the laws of the state of Massachusetts taxes on real property may be collected either by selling real estate or bringing suit against the owner. These taxes should have been allowed as a deduction. *Matter of Vanderbilt*, 187 App. Div. 716.

The appeal on the ground that deduction should have been allowed for the federal inheritance tax is denied. *Matter of Sherman*, 222 N. Y. 540; *Matter of Carnegie*, 203 App. Div. 91.

The report will be remitted to the appraiser for revision and correction in accordance with this opinion. Submit order on notice.

Decreed accordingly.