J. PERCIVAL SMITH AND CLAUDE HAMILTON, EXECUTORS, ESTATE OF JAMES P. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7750. Promulgated April 19, 1927.

Commissions, payable to a trustee of a trust fund, which has been administered by the executor, are not deductible under section 403(a) (1) of the Revenue Act of 1918, as administrative expenses allowable under the laws of New York.

*Charles J. McDermott, Esq.,* for the petitioners.
*John F. Greaney, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in estate taxes in the amount of $1,276. The petitioners contend that the Commissioner erred in refusing to allow the following deductions:

(1) Administration and attorney's fees in the amount of $3,136, in connection with ancillary proceedings in the State of California.

(2) Trustees' commissions amounting to $33,529.86.

(3) Two New York state tax items of $137.87 and $34.47, respectively.

(4) An allowance of $500 to W. T. Collins, for services as special guardian.

At the hearing, the respondent confessed error as to items (1) and (4), and petitioners withdrew their allegations with respect to item (3), stipulating that this item should not be deducted. This leaves open for consideration only item (2).

### FINDINGS OF FACT.

James P. Smith died testate, August 7, 1921, domiciled in the State of New York. The petitioners are the executors of his will. The estate has been allowed, as deductions, all amounts paid or due the executors in consideration of their executorial duties. There is no controversy as to this deduction. On dates not shown by the record, the executors paid and transferred to themselves and the Bankers Trust Co., as testamentary trustees under the will of James P. Smith, property of the value of $557,831.64. Thereafter, on July 31, 1925, the Surrogate's Court of the County of New York allowed each of the three trustees, out of the trust fund, as commissions for receiving the fund, the sum of $5,441.52 or a total of $16,324.56. These amounts were paid by the trustees to themselves, individually, on August 6, 1925. The trustees claim that under the laws of New York they will be entitled, upon the termination of the trust, to a commission for paying over the fund, an amount which, when added to the amounts paid August 6, 1925, will make their entire commission $33,529.86, the amount claimed as a deduction.

### OPINION.

MILLIKEN: Section 401 of the Revenue Act of 1918, imposes a tax "upon the transfer of the net estate of every decedent," dying after the passage of the Act. Section 402 sets forth what is included in the gross estate. Section 403 provides the method of ascertaining the net estate by allowing certain deductions from the gross estate. Subdivision (1) of paragraph (a) of that section, grants the following deduction: "Such amounts for  *  *  *  administration expenses  *  *  *  as are allowed by the laws of the jurisdiction  *  *  *  under which the estate is being administered  *  *  *."

Under the decisions of the courts of New York, double commissions are allowable to the same persons acting as executors and trustees under the same will, only when they have terminated their duties as executors and have entered upon their duties as trustees. *Olcott* v. *Baldwin*, 190 N. Y. 99; 82 N. E. 748, and cases cited. Thus the

courts of New York recognize that the executors of a will and the trustees of a testamentary trust created by the same will, represent distinct and separate entities.

While the New York Courts have held that, in ascertaining the value of transfers under the state inheritance tax law, the commissions of trustees, in situations similar to this case, should be allowed as deductions in the nature of administration expenses, see *In re Vanneck's Estate*, 175 App. Div. 363; 161 N.Y.S. 893; *In re Nichols' Estate*, 120 Misc. 228; 198 N.Y.S. 896; *In re Moller's Estate*, 110 Misc. 184; 179 N.Y.S. 768; *In re Garcia's Estate*, 101 Misc. 387; 167 N.Y.S. 168; *In re Shields' Estate*, 68 Misc. 264; 124 N.Y.S. 1003, a reading of the cases discloses that the deduction was made in each case, not from the gross estate of the decedent but from the trust fund. In this case, no part of the trustees' commissions was paid by the executors out of the gross estate of the testator, but the whole amount was paid by the trustees to themselves, out of the trust estate.

No case has been cited and none has been found which holds that in New York commissions of trustees are a part of the administration expenses of a decedent's estate. What has been decided is that such commissions are deductible under the New York inheritance tax statute, which prescribes a method of computing the tax quite different from that provided by the Revenue Act of 1918. The tax imposed by section 401 of that Act attaches to the estate before distribution, and with certain exceptions which it is not necessary to enumerate, is a tax upon the estate as a whole. Section 403 should be read in connection with section 401 and section 402. The deductions allowed by section 403 are those which pertain to the estate, the transfer of which is taxed by section 401 and which is described in section 402. That estate is the estate of the decedent and the " administration expenses " mentioned in section 403 are those expenses which are incurred in transmitting that estate to the beneficiaries, one of which, in this case, is the trust. The deductions allowed by section 403 are those which, under the state law, affect the estate as a whole and as a distinct entity. Cf. *New York Trust Co.* v. *Eisner*, 256 U. S. 345, and *Keith* v. *Johnson*, 271 U. S. 1.

We find no error in the action of the respondent in refusing to permit the petitioners to take as a deduction the commissions of the trustees, which were not paid by them as executors nor out of the corpus of the estate.

> *Judgment will be entered on 10 days notice,*
> *under Rule 50.*