In the Matter of the Estate of SAMUEL D. BABCOCK, Deceased.

Surrogate's Court, New York County, July 16, 1929.

*Dixon & Holmes* [*Jabish Holmes* and *Thomas Healy* of counsel], for the petitioner.

*Zabriskie, Sage, Gray & Todd,* for Lillian L. Lord and others.

*Zabriskie, Sage, Gray & Todd* [*William A. Todd* and *Charles M. Kritzman* of counsel], for Woodward Babcock and others.

*John J. Gray,* special guardian.

O'BRIEN, S. The will of the testator clearly indicates that the duties of the executors were intended to be separate from their duties as trustees, and that upon the termination of the executorial duties, namely, the payment of debts and administration expenses and the pecuniary legacies bequeathed in paragraph 1 of the will, the residue of the estate was to be held " upon trust " in accordance with the provisions of paragraph 2 of the will. (*Olcott* v. *Baldwin,* 190 N. Y. 99; *Laytin* v. *Davidson,* 95 id. 263; *Matter of Vanneck,* 175 App. Div. 363; *Matter of Keon,* 135 Misc. 435.)

The decree made July 21, 1921, which settled the last account of the executors and trustees, contained provisions for the setting up of the five trusts for the children of testator who were then alive, two others having terminated by the deaths of two of the children. The decree directed as to these five trusts, that the accountants hold specific funds " as such trustees " for the benefit of each life tenant. Clearly then as to these funds all executorial duties had ceased and there was a clear severance of the duties of the representatives who no longer held as executors but as trustees. The contention that said decree also directed that other funds be held by them as executors and, therefore, there was no real separation of their duties is without merit.

This latter provision for the continued holding as executors was made necessary by the condition and nature of the estate property and not by the language of the will.

The further contention that throughout the administration of the estate the representatives have proceeded as though there was no separation of their duties, loses all its strength in view of the aforesaid provisions in the decree of 1921 which set up the five trusts, and which decree contains a clear provision at the end thereof that the question of the right of the surviving representatives to commissions as trustees for receiving and paying out the principal of the respective trusts be " reserved for a further accounting of the said trustees in each of said trusts respectively."

Pursuant to the terms of the will when the number of executors and trustees was reduced to one, the Central Union Trust Company of New York was appointed successor executor and substituted trustee. As to the funds which were still held by the executors

at the time of its appointment the trust company is entitled to double commissions. (*Matter of Thomas,* 133 Misc. 601.) I hold, therefore, (1) that Henry A. Murray and the Estate of William P. Dixon (deceased executor and trustee) are entitled to commissions in each of the two capacities, as executors and as trustees; (2) that the Central Union Trust Company is entitled to commissions for receiving the trust funds of the trusts in existence at the time of its appointment, as well as commissions as executor on all funds held by it as executor. Tax costs and complete the decree accordingly.