In the Matter of the Estate of MAX LESERMAN, Deceased.

Surrogate's Court, New York County, July 13, 1932.

*Tanner, Sillcocks & Friend* [*Charles F. Hopkins* of counsel], for the executrix.

*Geis, Forman & Schulze* [*Herman B. Forman* of counsel], for the petitioner.

*David F. Mayer*, for Rosalia Leserman, petitioner.

*Spellman & Schwarz*, for the corporation.

FOLEY, S. The application to reopen the decree settling the account of the executrix, made on December 16, 1926, is denied for the following reasons:

(1) The testimony fails to establish any of the grounds mentioned in section 20, subdivision 6, of the Surrogate's Court Act.

(2) The decree is conclusive since the account set forth the sale and liquidation of certain assets of the decedent's business. If any other assets, either by way of good will or otherwise, were claimed to have existed, objection should have been made to their omission from the account.

(3) There is no evidence of fraud or misconduct on the part of the executrix sufficient to justify the vacatur of the decree.

It appears from the evidence that the business carried on by the decedent was a purely personal one and dependent upon the continuation of the privilege of selling goods manufactured by certain factories. The decedent's relation to these factories was not based upon any agreement or contract. The privilege of representing the manufacturers was terminable at the latters' will. Upon the same personal relationship and more as a matter of sentiment and friendship, the widow was permitted to represent the manufacturer after the death of the decedent. The nature of the decedent's business was, therefore, analogous to that of a lawyer or physician where, by reason of its personal character, the good will terminates at death and is not deemed to be an asset of the estate. (*Matter of Latham*, 145 App. Div. 849; *Matter of Caldwell*, 107 Misc. 316; affd., 195 App. Div. 890.) The regulations of the New York State Tax Commission, article 48, contain a very simple and con-

cise statement of the rule applicable here: "A sales agent, whose agency is terminable by the principal at will, has no transferable good will."

It further appears that the successful conduct of the business by the widow after the decedent's death was due in great part to the time and service she gave to it. These elements of her personal service and the opportunity which had been afforded to her by the manufacturers made possible her subsequent sale of the enterprise. Under these circumstances I find she is not accountable in her capacity as executrix for any part of the selling price. The proceeds did not constitute assets of the estate.

Submit order on notice denying the application.