In the Matter of the Intermediate Judicial Settlement of the Account of Proceedings of ELEANOR R. BELMONT, MORGAN BELMONT and UNITED STATES TRUST COMPANY OF NEW YORK, as Trustees of the Trust for RAYMOND BELMONT under the Last Will and Testament of AUGUST BELMONT, Deceased, for the Period from June 7, 1928, to October 17, 1934. CAROLYN H. WHITE and EDWIN E. GARRETT, as Guardians and Ancillary Guardians of ELIZABETH H. BELMONT, an Infant, etc., Appellants; ELEANOR R. BELMONT, MORGAN BELMONT and UNITED STATES TRUST COMPANY OF NEW YORK, as Trustees, etc., of RAYMOND BELMONT, Respondents.—

The will of August Belmont provided a trust fund for the life of Raymond Belmont and, upon his death, to his issue in fee. The executors, Eleanor R. and Morgan Belmont, accounted in 1929, and paid to themselves and to the United States Trust Company, as trustees, this trust fund. The said executors were allowed full commissions. Raymond Belmont thereafter died, and the trustees on this accounting seek to pay to his issue this fund and to be allowed trustees' commissions. The executors, as to this fund, completed their duties in that capacity when they paid the same to themselves and to the United States Trust Company as trustees, and thereupon their duties as trustees commenced, and they are each entitled to trustees' commissions. It was unnecessary for the United States Trust Company to be appointed executor and trustee, instead of merely trustee. The will provides that the phrase " executors and trustees " shall be taken to designate " executors or trustees." As to the Raymond Belmont trust, the executorial functions having ceased before the appointment of the trust company, such appointment was properly made merely as trustee. (*Johnson* v. *Lawrence*, 95 N. Y. 154; *Laytin* v. *Davidson*, Id. 263; *McAlpine* v. *Potter*, 126 id. 285; *Matter of Vanneck*, 175 App. Div. 363; *Matter of Martin*, 124 id. 793; *Matter of Ziegler*, 218 N. Y. 544; *Matter of Mason*, 98 id. 527; *Matter of Babcock*, 135 Misc. 20.) Decree of the Surrogate's Court of Nassau county, in so far as appealed from, unanimously affirmed, with costs to respondents and appellants, payable out of said trust fund. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.