In the Matter of the Estate of JAMES O. TRYBOM, Deceased.

Surrogate's Court, Westchester County, June 24, 1938.

*David C. Broderick*, for Henrietta J. Trybom, as executrix, etc.

*Benjamin Zwick* [*Charles Lamb* of counsel], for Dorothy M. Hannigan, legatee.

MILLARD, S. The decedent, an attorney, died on March 19, 1936, leaving a will which was admitted to probate on April 22, 1936. Thereafter a proceeding was brought to construe paragraph "second" of the will, which paragraph reads as follows: "I do

hereby give, devise and bequeath to my associate, Dorothy M. Hannigan, all of my office furniture, and all of my interest in the library at my office at #51 Chambers Street, New York City, that being a one-half interest, and a one-half interest in all of the pending legal matters, in consideration of the services to be rendered in the probate of this my Last Will and Testament."

The then surrogate, in a decision filed on July 6, 1936, held that the gift under said paragraph " second " failed for lack of consideration. The Appellate Division affirmed. (250 App. Div. 762.) Thereafter, upon a further appeal, the Court of Appeals reversed the order of the Appellate Division and the decree of the Surrogate and held, in effect, that paragraph " second " of the will created a valid gift of the property therein mentioned (277 N. Y. 106). Subsequently a motion for reargument was denied.

The executrix has accounted and, in that proceeding, a question has arisen between the executrix and the legatee, Hannigan, as to the right of the latter to the possession of the legal files and unprobated wills which were in the possession of the decedent at the time of his death and which are now held by his executrix. The parties have stipulated that all of the proceedings pending herein be settled by the executrix paying to Dorothy M. Hannigan the sum of $3,500; the delivery to her of a portion of the library and the furniture mentioned in paragraph " second " of the will; the delivery by Dorothy M. Hannigan and her attorney of general releases running to the executrix and her attorney, and by the execution and delivery by Dorothy M. Hannigan to the executrix of a covenant of indemnity. The question as to the custody of the files and unprobated wills, in the custody of the decedent at the time of his death, has been submitted to the court with an agreement that its determination shall be final.

It is a well-known principle of law that an attorney holds the papers and files relative to a legal proceeding as a custodian for his client and, as such, his relation with the client is one of trust and confidence. It is a violation of that trust for an attorney in any way to divulge any of the information given to him by his client or allow any of the papers or documents held by him, as attorney, to go out of his possession. (Sullivan v. Mayor of New York, 68 Hun, 544.) The client may at any time demand that the papers in his case be delivered to him by the attorney, and the latter must comply with this request, with the one exception that the attorney has a lien on the said papers of the clients for his services rendered to the date of the demand. (Robinson v. Rogers, 237 N. Y. 467.) Upon the satisfaction of his lien, the attorney can no longer refuse to deliver any papers in his possession belonging to his clients.

The right to practice law is in the nature of a franchise from the State conferred only for merit. It cannot be assigned or inherited. (*Matter of Co-operative Law Co.*, 198 N. Y. 479, 483.) A contract for legal services being personal in its nature, the death of the attorney, rendering performance impossible, terminates the contract, and his representatives cannot lawfully employ any one to perform the services which the attorney was employed to render. (6 C. J. 675.)

In *Sargent* v. *McLeod* (209 N. Y. 360, at p. 364) the court said: " If a lawyer dies before he has prosecuted to a judgment or settlement a litigation which he has undertaken to conduct for a certain compensation, his contract is at an end, because both parties must be supposed to contemplate the continuance of his ability to perform as a condition of the contract (*Baxter* v. *Billings*, 83 Fed. Rep. 790; *Matter of Dunn*, 205 N. Y. 398; *Spalding* v. *Rosa*, 71 N. Y. 40; *Lacy* v. *Getman*, 119 N. Y. 109; *Blakely* v. *Sousa*, 197 Pa. St. 305), and the compensation agreed upon cannot be recovered by his representative under the agreement because he did not and his representative cannot carry out his agreement."

Under the terms of this will, the legatee is entitled, in addition to the office furniture and decedent's interest in the office library, only to a one-half interest in " *all of the pending legal matters.*"

Under the terms of the stipulation of compromise, the legatee is receiving the sum of $3,500 in payment of her legal fees and expenses and in settlement of her share of fees for legal matters pending at the time of decedent's death. Contrary to the assertions contained in the briefs of her counsel, the appellate courts did not pass upon the question of the custody of the legal files of this decedent. It is asserted by the executrix, with no evidence to the contrary, that these files contain papers in which no proceeding was pending at the time of decedent's death. These papers belong to the former clients of the decedent and should be delivered to them by his executrix.

I hold, therefore, that the legal files of the decedent and the unprobated wills, if any, do not pass to the legatee under the provisions of paragraph " second " of the will of this decedent, and that the same are properly in the hands of the executrix of his estate.

Settle decree accordingly.