In the Matter of the Estate of DAVID H. BANDLER, Deceased.
Surrogate's Court, New York County, October 16, 1939.

*Julian Liberman*, for the executors.

*James R. Cherry*, for Martha Riss Schwartz and Beatrice Riss, objectants.

*Leonard L. Berliner*, for Sylvia Brill, individually and as general guardian of Arthur Brill, objectant.

DELEHANTY, S. The personal claim of one of the executors is allowed in the sum of $500 without interest on the stipulation of the executor that he will accept this amount though the proof established that a larger sum was due him.

Objections I and II raise issue as to whether deceased left a business to which was attached a good will. If he did the appro-

priation of that business and good will by one of the executors would require surcharge. The precise issue was presented to Mr. Surrogate FOLEY of this court in *Matter of Nichols* (120 Misc. 228). He held expressly that in the case of a sales agency there exists no good will even though in the case before him the profits were substantial as they were here. The same result was reached by him in *Matter of Leserman* (145 Misc. 387). The only factor in the proof which creates doubt as to whether the rules stated in the cited cases should be followed is the established fact that the executor who took over the selling agency after deceased's death did so under a trade name which included with his own the name of deceased. That indicates a belief on his part that there was a good will in deceased's name and that the executor was desirous of appropriating that good will. However, the testimony otherwise establishes that the selection of a selling agent here was purely personal to the manufacturers and that the estate representatives could not have carried on the activities formerly operated by deceased. The manufacturers had the customer accounts (which alone made the agency valuable) before they selected deceased as their selling agent. There is no doubt on the proof that they would have continued to have the accounts no matter whom they selected as selling agent. Thus there is no basis upon which the court can find " a reasonable expectancy of preference in the race of competition " to be attached to the post mortem status of deceased's activities. (*Matter of Brown*, 242 N. Y. 1.) Accordingly, and despite the use of deceased's name by one of the executors, the court is constrained to hold that there was no good will realizable upon by the executors. As a consequence of this ruling objections I and II are overruled. Had the court found that a good will existed it would nevertheless be constrained to hold that objectants are estopped to pursue their objections in respect thereof. They entered into a bargain with the executor who took over the business after having been fully advised by an attorney of their rights in connection therewith. They concede the payment by the executor of a substantial sum of money as in part discharge of his obligations under the bargain. The bargain removed the issue from the estate administration so far as these objectants are concerned. If the bargain has not been fully performed any unpaid beneficiary of it may no doubt enforce it in an appropriate action.

Objection III is overruled so far as it seeks surcharge of the executors. The executors will be directed by the decree settling their account to assign to the parties interested in the estate any funds hereafter becoming due from the organization referred to in the objection.

Objections IV and V were marked withdrawn at the instance of objectants.

Objection VI is sustained on the admission of receipt of the amount therein referred to by one of the executors who is personally charged therewith and with interest thereon at the legal rate from August 1, 1936, to the date of payment of the same into the estate funds.

Objection VII is overruled. The proof fails to show that any collection could in fact have been made from the debtor except out of his interests in this estate. The executors are under the obligation to collect the claim out of the interests herein of the debtor if such interests permit collection either in whole or in part.

Objection VIII was limited by objectants voluntarily to the sums of $164.90 and $40 respectively. The court holds on the entire proof that these items were a part of a general plan of settlement which resulted in the adjustment originally attacked under objection IV now marked withdrawn. The objection is overruled for that reason.

Objection IX is overruled. The court finds that the services rendered to the estate were worth the amount charged and paid therefor.

Objection X is sustained to the extent of disallowing as a credit to the executors one-half of the sum there objected to, or $937.50. The court finds on the testimony of the executor who received this disallowed sum that in fact he did not render any service to the estate or to the executors in the litigation and in the controversy in which the gross fee was paid to the attorney of record. The taking of this sum by the executor was an impropriety since the allowance to a fiduciary for legal services rendered must await an accounting and a fixation by the court. Here no such claim for allowance is made. On that state of the record the attempt of the attorney-executor to testify as to his services was properly opposed by objectants. Testimony was receivable in support of the disbursement to a wholly different attorney for which the executors sought credit in their account. But the testimony was not directed to the extent or the value of that attorney's services. The witness sought to show his own services though, as stated, the account listed the sum as paid to another. It is not clear to the court how the attorney-executor could evade the direct and absolute statements of non-rendition of legal service to the estate which he made in his examination under section 263 of the Surrogate's Court Act. These statements warrant quotation: " Q. Let me understand you. You say that the work for which payment was made was done by Mr. Liberman? A. Of course; every stroke of it.

Q. Not by you? A. Of course not by me. Everything was done by Julian Liberman, and I believe only he appeared, but whether he alone appeared or whether both of us appeared, every bit of the work was done by him, and in my judgment the Surrogate would allow much more than was paid. Q. When you say that the work was done by Mr. Liberman, do you mean that you were paid part of the fee received by him for his work? A. That is correct. Q. And not for your work? A. That is correct. Q. And the executors knew about this? A. Certainly." The sum paid the attorney-executor is surcharged to all three executors with legal interest from the date of payment to the date of the decree.

Objections XI and XII are overruled. All controversies as to the respective rights of assignees and beneficiaries of insurance policies pledged for debts of the insured seem to have been resolved by the Court of Appeals in *Davis* v. *Modern Industrial Bank* (279 N. Y. 405). On the authority of that case the court holds that the claims of the assignees were superior in right to those of the beneficiaries and that the latter have no claim over against the estate for moneys paid out of the policy proceeds to the persons to whom deceased was indebted.

Objection XIII is overruled. The court holds on the proof that the transaction there referred to was not a transaction in the estate at all but constituted a private and individual transaction between objectants and one of the executors with which the estate is not concerned.

Objection XIV is overruled since it depends in substance upon the claim that substantial debts of the estate, arising from the transactions referred to in objections XI and XII, were not listed as deductions. This was correct procedure on the part of the executors. (*Wagner* v. *Theriot*, 236 N. Y. 588.)

Objection XV is overruled. The executors are directed to file forthwith a proper income tax return in behalf of deceased for the period beginning January 1, 1936, and ending with his death. If any penalty is enforced the executors must pay it out of their personal funds.

Objection XVI is overruled. The court finds no sufficient reason in the record for denying commissions to the executors. Such commissions are to be applied, however, against the surcharge

Objection XVII is overruled on the ground that objectants have no interest in the question.

Objection XVIII raises no triable issue.

Submit, on notice, decree settling the account accordingly.