In the Matter of the Judicial Settlement of the Account of Proceedings of THE NATIONAL CITY BANK OF NEW YORK and EARL E. BEYER, as Executors, etc., of SAMUEL M. KNOOP, Deceased. THE NATIONAL CITY BANK OF NEW YORK, Individually and as Executor and Trustee, etc., and EARL E. BEYER, Individually and as Executor, etc., of SAMUEL M. KNOOP, Deceased, Appellants; PAUL G. GRAVENHORST, Special Guardian for HOWARD E. ST. JOHN, JR., and LAURA JANE ST. JOHN, Infants, etc., Respondent.— In this proceeding for the judicial settlement of appellants' account as executors, the decree of the Surrogate's Court of Kings County, in so far as appealed from, is modified in the following respects: (1) By directing the payment to appellants of commissions, in addition to those already provided for by the decree, on the funds to be paid to

appellant The National City Bank, as trustee, for the purposes specified in paragraph "Fourth," subdivision (c), of the will, namely, the trust of the residuary estate for the benefit of testator's grandniece and grandnephew; (2) by directing appellants to pay over the residue to appellant The National City Bank, as trustee, for the purposes specified in the foregoing portion of the will; (3) by directing appellants to hold and administer, as executors with trust powers, the fund specified in paragraph "Fourth," subdivision (b), of the will, namely, the $8,500 trust for the benefit of Dell Algood. As so modified, the decree in so far as appealed from, is unanimously affirmed, with costs to appellants and to the special guardian payable out of the estate. We agree with the surrogate that in the case of the Dell Algood trust there is no such separation of the functions of executors and trustees as will support the allowance of double commissions. The distinctive feature of the testamentary provision for that trust is the direction that upon the death of the life beneficiary the corpus shall revert to the residuary estate. The duty of distribution will then devolve upon the executors, as such, indicating clearly that there can be no present termination of the executorial function with respect to that fund. (*Matter of Vanneck*, 175 App. Div. 363.) Nothing appears to the contrary in *Matter of Schliemann* (259 N. Y. 497), or in *Matter of Murray* (269 id. 620). We reach a different conclusion, however, with respect to the trust of the residuary estate for the benefit of the testator's grandniece and grandnephew. The amount of the trust could not be determined, nor could the trust be set up, until the conclusion of the executors' accounting. After the payment of the fund to the trustee, no executorial function will remain to be performed. All future duties with respect to that fund, including the duty of eventual distribution, will be performed by the trustee, since there will be no reversion of the fund to the estate and, consequently, no occasion for control at any future time by the executors as such. In this instance there is perceivable a definite point of time, contemplated in the testamentary intention, at which one function finally ends and the other begins. (*Johnson* v. *Lawrence*, 95 N. Y. 154.) Under the circumstances presented, double commissions are payable. (*Laytin* v. *Davidson*, 95 N. Y. 263; *Olcott* v. *Baldwin*, 190 id. 99; *Matter of Vanneck, supra; Matter of Schliemann, supra.*) Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.