In the Matter of the Estate of JOHN E. SIEGEL, Deceased.

Surrogate's Court, Queens County, January 14, 1948.

*Nagle & Nagle* for Albert H. Ledner, ancillary executor of John E. Siegel, deceased, petitioner.

SAVARESE, S.   This is an application for an order entertaining a petition by an ancillary executor for leave of court to sell decedent's real property.   Testator died a resident of New Jersey on April 20, 1944, seized of a one-third interest in real property located in Queens County, New York.   His will, dated December 7, 1943, was duly admitted to probate by the surrogate of Hudson County, New Jersey, on May 1, 1944.   It does not contain a power of sale.

Ever since August 31, 1930, section 13 of the Decedent Estate Law has conferred upon executors and administrators with the will annexed of persons dying after that date the power '' to sell, mortgage and lease, all of the real property, and any interest in any real property, owned by the decedent at the time of his death '' notwithstanding the absence of a valid power in the will.   (L. 1929, ch. 229, § 1.)   Prior to September 1, 1947, however, subdivision 3 of said section 13 provided that such power could only be exercised in a proceeding authorized by article 13 of the Surrogate's Court Act.   Chapter 752 of the Laws of 1947, effective September 1, 1947, amended subdivision 3 by deleting the sentence which required the power granted in subdivision 1 to be so exercised.   The draftsman's note concerning the purpose of the 1947 amendment reads as follows:

'' Its purpose is to make more effective the grant of a statutory power which was intended to be conferred by section 13 of Decedent Estate Law.   Such grant is found in subsection 1 but the first sentence of subsection 3 effectively negates the power since it requires that it be exercised under the supervision of the court and only if the purpose to be achieved by the exercise of the power were one authorized by article 13 of Surrogate's Court Act.

'' The amendment excises from the section the first sentence in subsection 3. Thus the power granted will be subject only to the limitations stated in subsection 2.   This accords with the original purpose in granting the statutory power.''

As the will here does not prohibit the exercise of a power of sale and as no realty is specifically devised, subdivision 2 of section 13 is not applicable to this case.   The sole question presented is whether the Legislature intended that personal representatives vested with this statutory power prior to the

effective date of the amending statute should exercise such power thereafter without resort to a judicial proceeding. If so, this court is without jurisdiction to entertain this application.

In *Matter of Collins* (122 Misc. 265) Surrogate FOLEY held that the 1920 amendment to section 233 of the Surrogate's Court Act authorized an executor or administrator appointed prior to its effective date to petition for the sale of realty in a pending accounting proceeding and more than eighteen months after the issuance of letters, although formerly such application could only be made within such eighteen-month period. (L. 1920, ch. 479 amdg. Code Civ. Pro., § 2702, now Surrogate's Ct. Act, § 233.) This view was specifically approved by the Court of Appeals in *Matter of Cunniff* (272 N. Y. 89, 94). (See, also, *Deuscher* v. *Cammerano*, 256 N. Y. 328; *Matter of DiFilippo*, 162 Misc. 423.)

The amendment in this case substantially re-enacted section 13 of the Decedent Estate Law as it was except for the deletion of the sentence requiring judicial approval. This was merely the removal of a procedural impediment to the exercise of a power already vested in the ancillary executor by virtue of his office. (Surrogate's Ct. Act, § 166.) The amendment now leaves him free to act without judicial control, subject of course to the usual rules of prudence, diligence and good faith. This interpretation of the amendment does not, strictly speaking, give it a retroactive effect, except insofar as the facts upon which the power may now be exercised were all in existence prior to its effective date. This is analogous to the case of statutes providing a new remedy for an existing right. (See *Deuscher* v. *Cammerano, supra.*) Moreover, this construction accords with the plain meaning of the statute as it now reads.

The application is accordingly denied. Submit order.