In the Matter of the Construction of the Will of SAMUEL BLUESTEIN, Deceased.

Surrogate's Court, New York County, March 1, 1950.

*Ilo Orleans* for Murray Goodman and others, as executors of Samuel Bluestein, deceased, petitioners.

*Harold M. Weinberg* for Rose Bluestein, respondent.

FRANKENTHALER, S. The court holds that the first article of deceased's will provides an absolute gift to his business associate without any condition attached thereto. The language of the will that follows the words of gift is precatory only and does not impose a mandatory obligation upon the legatee. Deceased left compliance with his " request " that payments be made to his widow, solely to the legatee's moral sense of duty (*Matter of Endell,* 192 Misc. 503; *Matter of Dieudonne,* 186 Misc. 642; *Matter of Keleman,* 126 N. Y. 73; *Matter of Jones,* 199 App. Div. 426; *Matter of Crane,* 12 App. Div. 271; *Matter of O'Regan,* 62 Misc. 592). If it can be said that the use, in a later part of the will, of the word " obligations ", in connection with an unrealized contingency, casts a shadow of doubt upon the testator's intention, any ambiguity so occasioned must be resolved in favor of the unfettered gift (*Foose* v. *Whitmore,* 82 N. Y. 405; *Post* v. *Moore,* 181 N. Y. 15; *Tillman* v. *Ogren,* 227 N. Y. 495). It may be presumed that, in phrasing this holographic will, deceased, who was both a member of the bar and a certified public accountant, was quite capable of distinguishing between an imperative direction that would govern the conduct of the legatee and words of confidence appealing only to the legatee's conscience. In the absence of a clear expression of command the court may not indulge in speculative analysis in order to encroach upon the gift (*Matter of Barney,* 207 App. Div. 25, affd. 239 N. Y. 584).

The first article of the will bequeaths a particular type of accounting practice conducted by deceased in his lifetime " and all the monies due therefrom and all furniture and records belonging thereto ". The practice of deceased as a certified public accountant was dependent for its success upon the personal skill and professional qualifications of deceased. That practice did not possess a good will that could be bequeathed to the legatee (*Bailly* v. *Betti,* 241 N. Y. 22, 26; *Matter of Leserman,* 145 Misc. 387; *Matter of Bandler,* 172 Misc. 433; *Matter of Nichols,* 120 Misc. 228; *Matter of Caldwell,* 107 Misc. 316) nor could the testator delegate, assign, or bequeath the professional relationship existing between him and his clients (*Sargent* v. *McLeod,* 209 N. Y. 360, 364; *Matter of Trybom,* 168 Misc. 484). The gift under the first article of the will con-

sisted of the accounts receivable, the furniture, and the records, exclusive of the personal papers of clients. (*Matter of Trybom, supra.*)

Submit decree on notice construing the will.